Stella **HORTON** et al., Appellants,

v.

**ORANGE COUNTY BOARD OF EDUCATION**, Appellee.

No. 71–1837.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 6, 1972.

Decided June 13, 1972.

Rehearing Denied Sept. 6, 1972.

J. LeVonne Chambers, Charlotte, N. C. (James E. Ferguson, II, and Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., and Conrad O. Pearson, Durham, N. C., Jack Greenberg, James M. Nabrit, III, New York City, on brief), for appellants.

Lucius M. Cheshire, Hillsborough, N. C., and Emery B. Denny, Jr., Durham, N. C. (Graham & Cheshire, Hillsborough, N. C., and Haywood, Denny & Miller, Durham, N. C., on brief), for appellee.

Before BRYAN, WINTER and RUSSELL, Circuit Judges.

**PER CURIAM:**

Her employment as a teacher, the appellant Stella Horton complained to the District Court in a class action, was not renewed by the Orange County Board of Education in North Carolina for the session of 1969–70 in violation of the due process and equal protection clauses of the Fourteenth Amendment. Suing under the Civil Rights Act, 42 U.S.C. §§ 1981, 1983, she prayed reinstatement, with an injunction forbidding a repetition of such incidents. The Court declared the termination of employment by the Board was not unwarranted. In consequence reinstatement and damages were denied.

On her appeal we modify the judgment as to the date the termination became effective and as to damages. As the trier of the case, the late Honorable Edwin M. Stanley stated comprehensive and careful fact findings. Horton v. Orange County Bd. of Educ., 342 F. Supp. 1244 (W.D.N.C.1971). Because of their accuracy and clarity, we adopt them as ours. Any attempt by us to do as well would simply be unhelpful reiteration. In our view the plaintiff was entitled to reimbursement for the unemployment she suffered from the time of her separation as a teacher to the decision of the District Court.

Our holding is that ultimately her severance by the Board was proper, but that at the time of its effectuation it was improper. The explanation is this: In none of the letters advising her of the termination was she told of the grounds therefor. When notified of the Board's ruling she requested a hearing, intending to contest the determination. A hearing was scheduled for June 23, 1969, but when she appeared, she was told "there were no charges against her". Whereupon she and her attorney withdrew.

The District Judge very clearly and carefully sets forth the conduct on which the Board based her release. Mainly, it was her refusal to obey the orders of the

principal and superintendent. The misbehavior consisted of downright insubordination. But this charge was never advanced to her by the Board and, hence, she had no opportunity to require proof or refute the accusations.

■ Logically, this would require a remand to the District Court with directions to return the controversy to the Board for a further hearing, for the Board could take action only on the charges made and communicated by it to Horton. Johnson v. Branch, 364 F.2d 177, 181 (4 Cir. 1966), cert. denied, 385 U.S. 1003, 87 S.Ct. 706, 17 L.Ed.2d 542 (1967). As mentioned, the charges were not conveyed to her before or at the hearing. A remand to the Board, however, would be futile because the evidence, as the District Judge demonstrated, would indisputably disclose misconduct warranting her discharge. It would also be a waste of time since the District Judge has already considered all of the facts, particularly the insubordination. Cf. Cook County College Teachers Union v. Byrd, 456 F.2d 882, 890 (7 Cir. 1972).

Thus, while the administrative proceeding before the Board was a failure, the District Court remedied the defect. Therefore, in expedition, we do not so remand, but declare that the teacher's contract was not effectively terminated until the decision of the District Court.

■ Plaintiff is not entitled to reinstatement. However, she should be allowed to recover as damages her net pecuniary loss by reason of the premature termination, computed for the period between the date she was disemployed and the date of the decision. Because the Board had consented to give the plaintiff a hearing, the question of the necessity for a hearing is not in this case.

*Affirmed except as modified.*

### ORDER DENYING REHEARING

Upon consideration of the petition of the appellee, Orange County Board of Education, for a rehearing by the original panel of the court and a rehearing en banc, and the panel being of the opinion to deny a rehearing and no judge of the court requesting an en banc rehearing, it is

Ordered that the said petition be, and it is hereby, denied.