Rev. P. P. BURT, Appellee,

v.

C. Ashley ABEL, Mark Adams, Virgil Wall, James Cooper, Cecil Yonce, Jr., Mott Vann, R. C. Scott, Individually and as Members of the Board of Trustees of Edgefield County School District, Appellants,

and

The Board of Trustees of Edgefield County School District, S. K. Dean, Individually and as Principal of W. E. Parker High School, and Herman E. Cain, Individually and as School Administrator of Edgefield County, and his and their successors in office jointly and severally, Defendants.

No. 76–2080.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 13, 1978.

Decided Sept. 29, 1978.

W. Ray Berry, Columbia, S.C., and J. Roy Berry, Johnston, S.C., for appellants.

Laughlin McDonald, Atlanta, Ga. (Neil Bradley and H. Christopher Coates, Atlanta, Ga., on brief), for appellee.

Before WINTER, RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

This case is before us for a second time. In *Burt v. Board of Trustees of Edgefield*

*County School District,* 521 F.2d 1201 (4 Cir. 1975) (Burt I), we reversed the judgment of the district court awarding back pay to Mrs. Burt because her dismissal as a teacher by the Edgefield County, South Carolina school board was effected without adequate notice and hearing as required by the due process clause of the fourteenth amendment. We reversed in *Burt I, inter alia,* because the record was not clear as to whether the district court's judgment ran against the named defendants in their official or in their individual capacities.[1]

On remand,[2] the district court (1) clarified the record by expressly entering judgment against defendants in their official capacities, (2) expended plaintiff's relief by ordering that defendants arrange to have employer contributions made to Mrs. Burt's retirement fund for that period during which Mrs. Burt was unlawfully denied employment, and (3) vacated, in accordance with our instructions, its prior award of attorney's fees to Mrs. Burt's attorney. Defendants again appealed.

◼ The district court diligently followed our instructions on remand. However, after argument of the instant appeal, the Supreme Court decided two cases having a substantial effect upon the case at bar.[3] In addition, during the pendency of this appeal, Congress enacted a statute authorizing attorney's fees in federal civil rights

suits.[4] Since it is our duty to "apply the law in effect at the time [we] render [our] decision," *Thorpe v. Housing Authority of the City of Durham,* 393 U.S. 268, 281, 89 S.Ct. 518, 526, 21 L.Ed.2d 474 (1969), we must vacate the judgment below and remand this case once again for further proceedings consistent with this opinion.

I.

In *Horton v. Orange County Board of Education,* 464 F.2d 536 (4 Cir. 1972), we held that, where an employee is dismissed without being accorded procedural due process but where the dismissal is subsequently determined by a court to have been for just cause, the employee is not entitled to actual reinstatement but may recover an award of back pay for that period between the date of discharge and the date of the subsequent court decision. Constructive reinstatement for that period during which the dismissal was unlawful was deemed by us to be the appropriate remedy for constitutional defects in the discharge procedure. This was the relief granted Mrs. Burt by the district court in *Burt I.*[5]

In *Carey v. Piphus,* 435 U.S. 247, 260, n.15, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), the Supreme Court disapproved our decision in *Horton.* While *Carey* dealt specifically with procedural defects in the context of

1. Recognizing that at that time neither the Edgefield County School District nor its Board of Trustees could be sued under 42 U.S.C. § 1983, the district court entered judgment against named board members. The panel which heard *Burt I* was agreed that it was essential to know whether the court's judgment ran against these defendants as individuals or as officials. The panel reasoned that, if defendants had been sued as individuals (i. e. if judgment was to be assessed against their personal assets), the relief sought would constitute compensatory damages and the seventh amendment would entitle defendants to a jury trial on demand. If, however, defendants had been sued as municipal officials, the relief sought (i. e. back pay) could be characterized as equitable in nature under the then settled law of the circuit, and no requirement of a trial by jury would obtain. *See* 521 F.2d at 1205–06.

2. Our mandate issued in *Burt I* on August 6, 1975. Three weeks later, Mrs. Burt died.

Upon motion for substitution of parties, the Rev. P. P. Burt, Mrs. Burt's husband and administrator of her estate, was substituted as party plaintiff to this suit.

3. *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). After hearing oral argument in the instant case, we stayed our decision pending the Supreme Court's decision in *Monell.*

4. Civil Rights Attorney's Fees Awards Act, Pub.L. No. 94–559, § 2, 90 Stat. 2641 (1976) (amending 42 U.S.C. § 1988).

5. While we did not affirm the judgment of the district court because of an ambiguity in the record, we nonetheless reaffirmed the appropriateness of the *Horton* remedy for procedural due process violations. 521 F.2d at 1205–06.

school suspensions, we think that its reasoning applies whenever the only constitutional deprivation suffered is procedural in nature.

■ *Carey* makes clear that a deprivation of procedural due process is an independent constitutional tort, actionable under § 1983 with or without proof of actual injury. 435 U.S. at 266–267, 98 S.Ct. 1042. However, damages, other than nominal damages, are not presumed to flow from every deprivation of procedural due process. In order for a plaintiff who has suffered a deprivation of procedural due process to recover more than nominal damages, he must also prove that the procedural deprivation caused some independent compensable harm. 435 U.S. at 259–264, 98 S.Ct. 1042. Ordinarily, mental and emotional distress stemming from the denial of due process, but not from the justified deprivation of the substantive right, are the only items of compensable harm, although some courts have permitted recovery of punitive damages where the deprivation of procedural due process has been malicious and there is need to deter or punish violations of constitutional rights. Thus, in most cases, a plaintiff who suffers only a procedural deprivation will recover no more than nominal damages. 435 U.S. at 265–267, 98 S.Ct. 1042; *see also Codd v. Velger,* 429 U.S. 624, 630–31 n.3, 97 S.Ct. 882, 51 L.Ed.2d 92 (Brennan, J. dissenting); *Burt I, supra,* 521 F.2d at 1204 (separate views of Craven, J.,

re the measure of damages for a procedural violation).

■ *Carey,* we believe, requires that we vacate the district court's award and remand the case to allow plaintiff to plead and prove any *actual* injury suffered by Mrs. Burt as a result of defendant's alleged failure to provide adequate pretermination notice and hearing. Because it is settled that Mrs. Burt's discharge was for just cause,[6] plaintiff shall not be allowed to allege lost pay or lost retirement-fund contributions as damages attributable to the procedural deprivation. However, as the Supreme Court itself observed in *Carey,* this does not preclude plaintiff from alleging an intangible injury such as "mental and emotional distress caused by the denial of procedural due process." 435 U.S. at 261, 98 S.Ct. at 1052.

■ If on remand plaintiff is unable to allege any actual injury stemming from the procedural defects in Mrs. Burt's 1970 discharge, the district court shall nonetheless enter an award in plaintiff's favor of nominal damages not to exceed one dollar. If, however, plaintiff is able in good faith to allege actual damages as described above, the district court shall upon demand of either party impanel a jury for the purpose of determining (1) if Mrs. Burt's discharge violated the procedural norms of the fourteenth amendment, and (2) the amount of actual damages attributable thereto.[7]

**6.** Mrs. Burt's initial complaint charged that her dismissal was both racially motivated and effected without proper notice and hearing. At the original trial, the district court determined that Mrs. Burt's discharge was not racially motivated, and we affirmed 521 F.2d at 1206. We see no reason at this late date to disturb this finding.

**7.** *Carey* establishes that the appropriate remedy for procedural due process violations is compensatory damages. In an action for damages under § 1983, the seventh amendment requires a jury trial upon demand where the amount in controversy exceeds twenty dollars. *Cf. Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974) (jury trial required in an action for damages under Title VIII, Civil Rights Act of 1968, 42 U.S.C. § 3612). If plaintiff's allegations on remand entitle him to no

more than nominal damages, the seventh amendment will not be applicable because of an insufficient amount in controversy; and, hence, the award of such damages may be made on the basis of the district court's previous finding in *Burt I* that a procedural violation had occurred. Unless plaintiff alleges actual damages in excess of twenty dollars, the seventh amendment grants no right to have the issue of the procedure's constitutional sufficiency relitigated to a jury.

Should the district court, in accordance with Rule 56, F.R.Civ.P., determine on remand, after a proper showing, that there is no genuine issue as to any material fact with respect to the wrongful denial of Mrs. Burt's constitutional right to a due process hearing by the defendants or with respect to the waiver of such right by Mrs. Burt, it would be authorized, as in any other case, to enter partial summary judgment

## II.

Many of the problems experienced by the district court and by us in *Burt I* could have been avoided had the Edgefield County School District itself been a proper defendant to Mrs. Burt's action. Manifestly, it was not joined because of the then-established doctrine of municipal immunity under 42 U.S.C. § 1983, *see Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), which, in *Singleton v. Vance County Board of Education*, 501 F.2d 429 (4 Cir. 1974), we extended to include school boards and districts.

In *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978),[8] the Supreme Court overruled that portion of *Monroe* which granted municipalities blanket immunity in § 1983 actions. The practice of suing municipal officials to avoid *Monroe* and *Kenosha* was thus made unnecessary. Under *Monell*, a plaintiff with a § 1983 claim against a municipality, if such claim arises out of an official action of that municipality, may sue the municipality directly for monetary, declaratory or injunctive relief. Because *Monell*, in overruling *Monroe*, has the effect of also overruling our decision in *Singleton v. Vance County Board of Education, supra*, plaintiff, on remand, may, if he wishes, redirect his suit against the school district itself.[9]

## III.

Finally, we consider the issue of attorney's fees. In *Burt I*, we vacated the district court's award of attorney's fees as impermissible under the holding of *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). While the instant appeal was pending, Congress amended 42 U.S.C. § 1988 to provide that, in suits under § 1983, a "court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." The legislative history makes clear that this authorization applies to any suit pending on its effective date. H.R.Rep. No. 94–1558, p. 4 n.6 (1976); *see also Hutto v. Finney*, —— U.S. ——, ——, n.23, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *Gonzales v. Fairfax-Brewster School, Inc.*, 569 F.2d 1294, 1297 (4 Cir. 1978).

On remand, plaintiff will therefore be eligible for an award of attorney's fees for services dating from Mrs. Burt's suit against the Board of Trustees (a) if he continues to prevail on the merits, and (b) if the district court determines, in its discretion, that such award is appropriate. The

that Mrs. Burt's discharge violated the procedural norms of the fourteenth amendment. In that event, the sole issue for the jury would be the actual injury over and above nominal damages sustained by Mrs. Burt as a result thereof, assuming that there is sufficient evidence of mental and emotional distress proximately caused by the procedural violation to warrant submission of the issue of actual damages to the jury under the rule established in *Carey*.

8. The Second Circuit in *Monell v. Dept. of Social Services*, 532 F.2d 259 (2 Cir. 1976), had held that a municipal official could not be sued in his official capacity if the recovery in such suit was to come out of the municipal treasury. *Accord Muzquiz v. City of San Antonio*, 528 F.2d 499 (5 Cir. 1976) (*en banc*), *vacated and remanded*, —— U.S. ——, 98 S.Ct. 3117, 57 L.Ed.2d 1144 (1978).

9. In *Monell*, the Court, after analyzing the legislative history of the Civil Rights Act of 1871, concluded that Congress did intend for municipalities to be liable under § 1983 for constitu-tional deprivations resulting from official action—i. e. action taken pursuant to an official municipal policy, decision or custom. The Court made clear, however, that it was not Congress's intent that a municipality be vicariously liable for the unauthorized constitutional torts of its officers. 436 U.S. at 658, 98 S.Ct. 2018. "[I]n other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." 436 U.S. at 691, 98 S.Ct. at 2036. Where the constitutional deprivation is not an official act of the municipality, a plaintiff's only recovery lies against the municipal officer in his individual capacity. While in some circumstances it may be difficult to determine if an alleged constitutional deprivation results from an official act of the municipality, it appears to us that a discharge from municipal employment is quite clearly an official action where, as here, the discharging body is authorized by the municipality to make such decisions.

fact that plaintiff may prevail on the merits yet, under *Carey*, recover only nominal damages shall in no way diminish his eligibility for attorney's fees under § 1988, though it is one of the factors properly to be considered on the amount of such award. *See* Barber v. Kimbrell's, Inc., 577 F.2d 216, 226, n.28 (4 Cir. 1978).

*VACATED AND REMANDED.*