Miguel PEREZ et al., Plaintiffs,
Appellants,

v.

UNIVERSITY OF PUERTO RICO et al.,
Defendants, Appellees.

No. 78–1541.

United States Court of Appeals,
First Circuit.

Argued April 3, 1979.

Decided June 19, 1979.

Luis Amauri Suarez Zayas, Hato Rey, P. R., with whom Ana Matanzo Vicens, San Juan, P. R., Jose E. Colon Santana, Rio Piedras, P. R., Maria E. Pico Gonzalez, Santurce, P. R., and Leonilda Cruz Rodriguez, Rio Piedras, P. R., were on brief, for plaintiffs, appellants.

Jaime A. Rodriguez-Lecoeur, Rio Piedras, P. R., with whom Milton Aponte-Perez, Rio Piedras, P. R., and Michael Katz, were on brief, for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

The last time this case was before us we affirmed the district court's determination that the plaintiffs had been summarily suspended from the university in violation of their right to procedural due process and that they should be awarded nominal damages. *Perez v. Rodriguez Bou,* 575 F.2d 21 (1st Cir. 1978). We also held that the court had erroneously denied attorneys' fees to the plaintiffs and "remanded for the determination and award of appropriate attorneys' fees." *Id.* at 24.

On remand the court once more denied plaintiffs' motion for fees. The court acknowledged that under 42 U.S.C. § 1988 fees should normally be awarded to prevailing plaintiffs in civil rights cases, but it found there were "special circumstances" that would render an award in this case

unjust. *See Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); *Perez, supra,* 575 F.2d at 24. The special circumstances to which the court alluded are, first, that the judgment affected only the named plaintiffs and did not "advanc[e] the meaning of due process in the University context," citing *Zarcone v. Perry,* 438 F.Supp. 788, 791 (E.D.N.Y.1977), *aff'd on other grounds,* 581 F.2d 1039 (2nd Cir. 1978), and, second, that "an award of attorney's fees would constitute an indirect and not intended judgment against defendants" inconsistent with the award of nominal damages.

■ We do not think the remand order left it open to the court to deny fees. Even if the issue were open, however, the court's reasoning would not support its decision. The Supreme Court has expressly held that due process rights should be actionable for nominal damages, in part, "because of the importance to organized society that procedural due process be observed." *Carey v. Piphus,* 435 U.S. 247, 266, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252 (1978). Moreover, the Second Circuit, in rejecting the district court's reasoning in *Zarcone,* noted "that in authorizing awards of attorneys' fees to plaintiffs in civil rights actions Congress was concerned with enforcement not only of the civil rights of the public at large and of identifiable groups but also with the rights of individual plaintiffs. Its goal was to remove financial impediments that might preclude or hinder 'private citizens,' collectively or individually, from being 'able to assert their civil rights,' *Senate Report* at p. 2, U.S.Code Cong. & Admin.News 1976, p. 5910. . . . We therefore reject the view. that, to be eligible for shifting of attorneys' fees, the civil rights plaintiff is obligated to show that his action resulted in direct benefits to others, rather than in

benefits solely to himself." *Zarcone, supra,* 581 F.2d at 1042.

■ It follows from what we have said that an award of fees is not inconsistent with an award of nominal damages. Indeed that should have been obvious from our first opinion, *Perez, supra,* in which we affirmed the award of nominal damages but remanded for an award of fees. The award of counsel fees is not intended to punish the defendant in any way. Rather it is to permit and encourage plaintiffs to enforce their civil rights. To declare those rights while simultaneously denying the award of fees would seriously undermine the declared congressional policy. Fees may not be denied simply because only nominal damages are awarded.

■ Though we are reluctant to prolong this case further, we must remand once again for the district court to determine an appropriate attorney's fee award consistent with the standards announced in *King v. Greenblatt,* 560 F.2d 1024 (1st Cir. 1977), and succeeding cases.[1] *See, e.g., Reynolds v. Coomey,* 567 F.2d 1166 (1st Cir. 1978); *Souza v. Southworth,* 564 F.2d 609 (1st Cir. 1977). We emphasize that the district court should scrutinize the attorney's affidavit as to both the time spent on the case and the requested hourly rate. Work that did not need to be done by a lawyer may be compensated at a lesser rate. *King, supra,* 560 F.2d at 1027. The court may be able to identify tasks that should have taken less time to perform than the hours the attorney actually worked. And, while the award of nominal damages does not permit the court to deny an award, it is a factor that may be considered on the amount of the award. *Burt v. Abel,* 585 F.2d 613, 618 (4th Cir. 1978); *King, supra,* 560 F.2d at 1027 (permitting consideration of "the amount involved and the results obtained").[2]

1. We are tempted to set the appropriate fee ourselves simply to relieve the court and parties of an additional proceeding. We do not do so because the determination is in large part a factual one; defendants' evidence, if any, rebutting plaintiffs' counsel's affidavit is not in the record; and both sides deserve an opportunity to appeal if dissatisfied with the award set.

2. This does not mean that the fee award may also be nominal. As we have explained, that would undercut congressional policy and handicap those seeking to assert civil rights to the same extent as denying fees altogether.

*Remanded for further proceedings consistent with this opinion.*[3]

LEVIN H. CAMPBELL, Circuit Judge (concurring).

While I agree with my colleagues that more than a purely nominal fee is in order, I concur in the court's opinion only on the understanding that we mean what we say in the final sentence—namely, that in setting a fee the district court does have discretion to take a hard look at the amount involved and the results·obtained. I do not doubt that in some cases where nominal damages are awarded, important matters of principle and precedent are at stake. In those, a fee reimbursing the attorneys for all the time spent may well be in order even though their clients have not recovered significant damages. In other cases, however, the litigation may have been unduly prolonged for the results obtained, wasting the resources and time of the court. In such a case, the district court is surely under no obligation to grant a fee based on the time actually spent. To which of these poles this case comes closest, I shall not venture to say; but I do feel it important that our opinion be read as conferring a reasonable flexibility upon the district court not merely to calculate time charges but to ascertain the value of what was accomplished.

---

**3.** Defendants' temerarious request for fees on appeal, alleging that this appeal was friovlous, is denied.