George BROWN, et al, Plaintiffs
vs.
John R. BLOCK, et al., Defendants

No. 81-0342-F

United States District Court
Commonwealth of Massachusetts

January 28, 1983

152

Steven A. Hitov, counsel for plaintiffs.
Nancy Serventi, AUSA, counsel for
defendant John R. Block.
Michael T. Hassett, Asst. A.G., counsel
for defendant Thomas Spirito.

## MEMORANDUM

Freedman, D.J. This matter is before me
on plaintiffs' motion for an award of
attorney's fees pursuant to the Civil
Rights Attorney's Fee Award Act of 1976,
42 U.S.C. sec. 1988. Defendants oppose
the plaintiffs' motion, arguing the
plaintiffs are not entitled to the amount
requested because it is excessive and
should be reduced. Plaintiffs' motion for
an award of attorney's fees is in the
amount of $3,308.50. Defendants'
calculation of plaintiffs' attorney's fees is
$644.00.

In October of 1981, the defendants in
this action sought to terminate the food
stamp benefits of all of the residents of
Cummings Memorial Mission. The case at
hand sought to secure continued food
stamp benefits for the plaintiffs while
they pursued their administrative appeal.
This case was fixed as a class action on
November 18, 1981, and a hearing on
plaintiffs' request for a temporary
restraining order was held on November
20, 1981. At that time, in court, counsel
for the defendants consented to a
temporary restraining order that restored
food stamp benefits to each of the named
plaintiffs pending their administrative
appeals, and promised similar relief to
any other residents of Cummings
Memorial Mission who were brought to
the defendants' attention. This agreed
upon temporary restraining order was
read into the record in open court, and
based upon its terms, benefits were
restored to other Cummings Memorial
residents who were not named plaintiffs.
On December 3, 1981, while the
temporary restraining order was still in
effect, each of the named plaintiffs
attended an administrative hearing at the
Springfield Welfare Office. The Welfare
Department agreed at this time to
consider the eligibility of each of the
plaintiffs for food stamps on an
individual basis as the plaintiffs
requested. Therefore, as of this date, the
case was resolved but for the issue of
plaintiffs' attorney's fees.

Plaintiffs brought suit pursuant to 42
U.S.C. sec. 1983, and they achieved all
that they sought in the complaint when
the temporary restraining order was
entered. They ultimately prevailed on

their underlying claims when the Welfare Department decided to consider eligibility on an individual basis. Therefore, because plaintiffs succeeded on a "significant issue in litigation which achieved some benefit that the parties sought," plaintiffs are prevailing parties for purposes of 42 U.S.C. sec. 1988, and are entitled to an award of attorney's fees. **Nadeau v. Helgemoe,** 581 F.2d 275 (1st Cir. 1978). Defendants do not contest that the plaintiffs have prevailed in this litigation, but rather, the defendants oppose the amount of fees requested.

In order to determine the amount of attorney's fees to be awarded, a two-step process is employed. **Furtado v. Bishop,** 635 F.2d 915, 920 (1st Cir. 1980). The first step in the process is to calculate the "lodestar" which is "the number of hours reasonably expended multiplied by a reasonable hourly rate.'" **Id.** at 920. Once the "lodestar" is calculated, it can be adjusted up or down to take a number of factors into account, including the nature of a fee, the quality of representation, and the results obtained. **Id.** at 920. This two-step approach is designed to further the "key object of the legislative intent behind sec. 1988: the goal of encouraging private enforcement of civil rights law." **Id.** at 918.

The calculation of the "lodestar" includes first, a determination of the reasonable rates and then a determination of the reasonable hours expended. With regard to rates, a court should look to the rates "prevailing in the community for similar work," **Copeland v. Marshall,** 641 F.2d 880, 892 (D.C. Cir. 1980) **(en banc)** with different rates being set according to different levels of expertise and different types of work, **Furtado,** 635 F.2d at 920. Plaintiffs have requested that the rate of $90.00 per hour be employed in the case of Attorney Steven Hitov and the rate of $16.00 per hour be employed in the case of Mr. Korman, who is a paralegal. Plaintiffs have stated the hourly rate requested for the paralegal's work ($16.00) reflects only the actual cost to Western Massachusetts Legal Services

of maintaining that person's position.

Attorney Hitov submitted an affidavit stating that he is a graduate of the New York University School of Law and was admitted to the Bar of the State of New York on February 9, 1976, and to the Bar of the Commonwealth of Massachusetts on January 13, 1982. He has been associated with Western Massachusetts Legal Services, Inc. since June of 1980. Attorney Hitov listed a number of actions which he has litigated in addition to publications and lectures with which he has been involved.

Attorney Michael West also submitted an affidavit on behalf of Attorney Hitov relating the prevailing hourly rate in the community. Defendants have pointed out that Attorney West practices privately and the case at hand relates to public litigation. This distinction is noted and accepted by this Court. Defendants argue that a reasonable hourly rate for Mr. Hitov is $70.00 an hour and refer this Court to various decisions in the First Circuit, and specifically to **Brewster v. Dukakis,** 544 F.Supp. 1069 (D. Ma. 1982). Furthermore, defendants suggest this Court assign a different hourly rate for the different tasks performed by Mr. Hitov, i.e., a rate of $65.00 an hour for out-of-court work and $50.00 an hour for the work on the fee application.

After a review of several recent civil rights cases in this circuit in which attorney's fees have been awarded, as well as the cases decided by this Court, I find a reasonable rate for hours billed by Attorney Hitov based on his experience and the type of work involved in this case to be $70.00 an hour.

With regard to defendants' objection to full professional rates being applied to items other than core legal work, I agree. Items other than core legal work should be put into appropriate categories with an appropriate rate for each. **King v. Greenblatt,** 560 F.2d 1024 (1st Cir. 1977), **cert. denied,** 438 U.S. 916 (1978). However, in the case at hand, all work performed by Attorney Hitov can be considered core legal work. Research,

work on complaints and briefs, preparation of oral argument, and any time spent negotiating can all be considered core legal work. Defendants suggest a lower rate be applied to plaintiffs' fee application. Given that Mr. Hitov conserved time on the writing of the brief for his motion for an award of attorney's fees, I will allow the hourly rate to stand for work on the fee application.

Therefore, having found no work other than core legal work claimed by the plaintiffs, the rate of $70.00 will be applied to all reasonable hours expended by Attorney Hitov.[1]

The second step in calculating the "lodestar" is to determine the reasonable hours expended by the plaintiffs. The defendants argue that in light of the complexity of the litigation, the ease with which the plaintiffs obtained their relief, and the past experience of Mr. Hitov on these issues, the hours noted by the plaintiffs should be reduced. Plaintiffs' claim for fees is for 33.55 hours expended by Attorney Hitov, and 18.00 hours for Henry Korman, a paralegal at Western Massachusetts Legal Services, Inc.

Based on the type of litigation, and the nature of the work accomplished, this Court sees no unreasonableness in the hours expended by the plaintiffs. Attorney Hitov claims 33.55 hours for the preparation of his case. Given this Court's experience in matters similar to this, it cannot find this amount unreasonable.

With respect to Henry Korman, the paralegal, and his claim of expending 18.00 hours, this Court finds this amount reasonable as well.

Employing the rates and adjustments developed in this Memorandum, the "lodestar" is as follows:

Attorney Steven Hitov
Mr. Henry Korman

| Hourly Rate | Hours | Amount |
|---|---|---|
| $70.00 | 33.55 | $2,348.50 |
| $16.00 | 18.00 | 288.00 |
| | | $2,636.50 |

Having calculated the "lodestar," it can then be adjusted up or down to take into account factors that do not easily fit into the initial calculation of the "lodestar." **Furtado,** 635 F.2d at 924. The factors usually considered in an adjustment are the contingent nature of the fee, the delay in payment, the quality of representation, and any exceptional results accomplished. **Id.** at 920. The party proposing the adjustment has the burden of proving that it is warranted. **Copeland,** 641 F.2d at 892.

The defendants here argue there are circumstances present to justify an award of a lesser amount than the "lodestar." Defendants contend that the legal issues were not complex, and the fact that any fee awarded will have to be paid out of the public treasury should be taken into consideration. Furthermore, the defendants suggest that where the result is "not extraordinary . . . the fee award should reflect this fact." **Farris v. Cox,** 508 F.Supp. 222, 228 (N.D. Cal. 1981). Defendants argue that since this action affected only a small group of people in a very limited matter, rather than correcting across-the-board discrimination affecting a large and "suspect" class, the "lodestar" should be adjusted downward. Defendants suggest that the "lodestar" in the case at hand should be reduced by sixty percent.

A trial court has discretion "not to merely calculate the charges but to ascertain the value of what was

---

[1] Defendants in their brief noted that they would agree to a flat hourly rate of $62.00 an hour for Mr. Hitov noting that this would be the average of the three rates they have suggested. Defendants state that this average would be agreed upon in order to expedite the calculation and to avoid unnecessary work for the Court. The Court appreciates the defendants' offer, and one rate shall be applied for the work of Attorney Hitov. However, the reason for the one rate is that this Court finds all the work performed by Attorney Hitov was core legal work. Other work in the case was done by a paralegal. Furthermore, as the paralegal's work is billed at the actual cost to Western Massachusetts Legal Services, I see no reason to reduce the hourly rate. **See Lamphere v. Brown University,** 610 F.2d 46 (1st Cir. 1979).

accomplished." **Perez v. University of Puerto Rico,** 600 F.2d 1, 3 (1st Cir. 1979) (Campbeli, J. concurring) at 2-3. In the case at hand, the issues presented were neither novel nor complex, and the results obtained were not extraordinary. There was a small benefit to a small number of people. These observations, in addition to the consideration that the legal fee in this case will be paid out of the public treasury,[2] lead this Court to the conclusion that the "lodestar" should be reduced. This Court finds a reasonable reduction to be twenty percent.

Therefore, applying a twenty percent reduction to the lodestar figure of $2,639.50, this Court arrives at a reasonable attorney's fee award of $2,109.20.

An appropriate Order shall issue.

**Frank H. Freedman**
**United States District Judge**

---

[2] See Brewster v. Dukakis, 544 F.Supp. 1069, 1082 (D. Ma. 1982); **Keyes v. School District No. 1,** 439 F. Supp. 393, 414-15 (D. Co. 1977).