**Arthur GONZALES, et al., Plaintiffs,**

v.

**Bruce JILLSON, et al., Defendants.**

**Civ. A. No. 81–1865–T.**

United States District Court,
D. Massachusetts.

Aug. 25, 1986.

Stephen Hrones, Karp & Hrones, Boston, Mass., for plaintiffs.

Richard L. Zisson, Zisson & Veara, Boston, Mass., for Jillson.

Kevin M. Keatino, Harwichport, Mass., for Sousa.

## MEMORANDUM

TAURO, District Judge.

Plaintiff Arthur Gonzales sued defendant police officers Bruce Jillson and Russell

Sousa, under 42 U.S.C. § 1983, for violation of his civil rights. Following a six day jury trial, he won a verdict of $1,000.00. His attorney now seeks a fee award, pursuant to 42 U.S.C. § 1988.

## I.

This was essentially a police brutality case, and there was evidence that ethnic prejudice played a part in the plaintiff's treatment. The jury's finding of liability vindicated the plaintiff's contention that defendants exceeded their lawful authority and, in doing so, violated his civil rights. The jury's finding of $1,000.00 in damages was consistent with the circumstances. Involved was a single episode that took place over the course of one evening. Plaintiff suffered a minor physical injury.

## II.

As a prevailing party, plaintiff is entitled to an award of attorney's fees. In deciding a request for attorney's fees in a civil rights case, the first step is to arrive at a lodestar figure, by multiplying the number of hours expended, if reasonable, by a reasonable rate. *See King v. Greenblatt*, 560 F.2d 1024 (1st Cir.1977). Here, plaintiff's attorney states by affidavit that he spent 203.6 hours, an associate in his office spent 57.5 hours, and a student assistant spent 29 hours in handling this case. These hours, and the description of the tasks performed, were reasonable. The case was vigorously contested and well tried by both sides.

Plaintiff's attorney states that his normal billing rate is $125.00 per hour, that his associate's time is billed at $75.00 per hour, and that his student assistant's time is billed at $40.00 per hour. These rates are reasonable. *See Grendel's Den v. Larkin*, 749 F.2d 945 (1st Cir.1984), *Rogers v. Okin*, 638 F.Supp. 934 (D.Mass.1986). Multiplying the hours spent by the rates mentioned above, the total calculated is $30,922.50.

## III.

Courts must consider a number of factors in determining whether to raise or lower the lodestar figure. *See Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In this case, there are two significant factors. First, this case, like any in which police officers are found liable for exceeding their lawful authority, serves a significant public interest, well beyond those of the parties. Such cases serve to deter the types of excesses these defendants were found to have committed. They also reinforce the public's confidence in its right to be free from such abuse.

A second factor that is significant here is that the lodestar figure is higher than the plaintiff's recovery. The modest size of the jury's verdict, however, does not persuade this court to lower the lodestar figure. The significance of the monetary award is outweighed by the important public interests vindicated by the general jury verdict. An award of attorney's fees need not be mathematically proportional to a jury award. *See, e.g., City of Riverside v. Rivera*, — U.S. —, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986); *Cornish v. Johnson*, 774 F.2d 1161 (6th Cir.1985), *cert. denied sub nom Johnson v. Manzie*, — U.S. —, 106 S.Ct. 3334, 92 L.Ed.2d 739 (1986); *Perez v. University of Puerto Rico*, 600 F.2d 1 (1st Cir.1979). Indeed, attorney's fees may be awarded to parties who prevail in ways other than the award of monetary damages. *See Rogers v. Okin, supra.*

Finally, there are no special circumstances that warrant increasing the lodestar award.

## IV.

For the foregoing reasons, plaintiff's counsel is awarded $30,922.50 in counsel fees.