Josefa CAMACHO, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 87–776 HL.**

United States District Court,
D. Puerto Rico.

Feb. 8, 1991.

Iván O. González Cruz, San Juan, Puerto Rico, for plaintiff.

Asst. U.S. Atty., Hato Rey, Puerto Rico, for defendant.

## ORDER

LAFFITTE, District Judge.

Before us is plaintiff counsel's petition requesting a fee award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Counsel requests the approval of a fee in the amount of $87.00 per hour due to the high cost of living. The government has opposed counsel's petition in part. The government submits that the hourly rate should be reduced to $75.00 and that the number of hours claimed are excessive for the work done. For the foregoing reasons, the Court grants counsel's petition in part and denies it in part.

The EAJA provides in relevant part that:

The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished except that ... *attorney fees shall not be awarded in excess* of $75 per hour unless the Court determines that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A) (emphasis provided).

It is clear that the cost of living increase is not automatic. *Bunn v. Bowen*, 637 F.Supp. 464, 475 (E.D.N.C.1986). Instead, discretion is given to the courts. *Sierra Club v. Secretary of the Army*, 820 F.2d 513, 521–23 (1st Cir.1987). Rather a determination of whether an increased hourly rate should be awarded depends upon careful analysis of each particular case. *Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir.

1988). *See also Garcia v. Sullivan*, Civ. No. 87–1223 (D.P.R. Feb. 26, 1990).

After an evaluation of the facts presented in the case, the Court finds that counsel's request for an increase over the $75 statutory rate is without merit. The "rare circumstances" which can cause an adjustment of the statutory rate are not present here. *Baker v. Bowen*, 839 F.2d at 1082.

Since counsel has failed to evidence either of the two factors which would merit an increase in the statutory rate—a limited availability of qualified attorneys or a high cost of living,—counsel's fee is hereby set at the statutory ceiling of $75 per hour.

In complying with our duty, the Court may not only grant or deny increases in attorney's fees, but we are also required to assign "... appropriate hourly rates for the kinds of work done ..." *Miles v. Sampson*, 675 F.2d 5, 9 (1st Cir.1982). Attorney for plaintiff included in his itemized statement of time expended the combined amount of 4.50 hours for the filing of various documents in the U.S. District Court. Counsel is charging the same amount, $87 per hour, as he charged for all other work done, including the writing of briefs and motions. The filing of documents does not require professional experience and thus should not be compensated at the same rate. Threfore, counsel's filing time shall only be compensated at the lower rate of $25 per hour. *Id.* at 9. *See also, Nelson v. Bowen*, Civ. No. 94–0116–B (D.Me.1987); *Perez v. University of P.R.*, 600 F.2d 1, 2 (1st Cir.1979).

As to the question of excessive hours, the Court has found that the amount billed by counsel in his itemized statement is reasonable. *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir.1984); *Furtado v. Bishop*, 635 F.2d 915, 919–20 (1st Cir. 1980); *Coulter v. State of Tennessee*, 805 F.2d 146, 150–51 (6th Cir.1986).

WHEREFORE, in view of the foregoing, counsel is awarded attorney's fees under EAJA in the amount of $2,981.25 for 39.75 hours of legal work at the statutory rate of $75 per hour, plus the amount of $112.50

for 4.50 hours at the rate of $25 per hour, for a total amount of $3,093.75 in fees.

IT IS SO ORDERED.