Ronald LANCASTER, Plaintiff-Appellant,

v.

Felix RODRIGUEZ, Tom J. Trujillo, Michael A. Righter, Frank Garcia, and Steve Sims, Defendants-Appellees.

No. 82–1541.

United States Court of Appeals, Tenth Circuit.

Decided March 8, 1983.

Certiorari Denied June 20, 1983. See 103 S.Ct. 3121.

Michael L. Rosenfield of Reiselt & Rosenfield, P.A., Albuquerque, N.M., for plaintiff-appellant.

Mark C. Meiering of Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, N.M., for defendants-appellees.

Before SETH, Chief Judge, and BARRETT and LOGAN, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

As this § 1983 case reaches us, after a remand, the only remaining issue is whether the trial court was correct in its application of *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252, to a violation of Eighth Amendment rights. Such a violation was established in the initial proceedings before the trial court and was not disturbed in the initial appeal.

The procedural due process issue was resolved when this case was here before, and no violation was found. A question as to personal participation by certain defendants has been decided by the trial court, and we agree with that conclusion.

The trial court found as to the *Carey v. Piphus* matter and as to damages generally:

"I must conclude that proof of injury submitted by plaintiff in the present action is insufficient to meet the demands of *Carey v. Piphus* and to support the judgment previously rendered in this case. I must reinstate the Findings of Fact and Conclusions of Law entered in this cause March 22, 1978, with the following substitution for Conclusion of Law No. 10:

"A) The plaintiff is unable to prove actual injury or quantified damages by the actions of defendant Rodriguez.

"B) In the absence of proof of actual injury, the plaintiff is entitled to recover only nominal damages. *Carey v. Piphus,* U.S.Supr.Ct. Slip Op. No. 76–1149, decided March 22."

The trial court initially had before it both the procedural due process and the Eighth Amendment issues. As mentioned above, the due process matter dropped out of the case, and we consider the application of *Carey v. Piphus* to the Eighth Amendment violation.

The *Carey v. Piphus* case, of course, concerned students suspended from school, with a basic procedural due process issue and damages for such a violation. We have

instead a somewhat different matter in that it involves a violation which has more of a direct physical impact on the prisoner. Nevertheless, the finding of the trial court on the proof of damages is much like that in *Piphus.* Here the trial court found "[t]he plaintiff is unable to prove actual injury or quantified damages by the actions of defendant Rodriguez," and "[i]n the absence of proof of actual injury," etc. Thus the trial court found a lack of proof of damages and awarded nominal damages only. The trial court had initially awarded $2,000 damages, then on further consideration applied *Carey v. Piphus,* as above described, and changed the award to nominal damages. We then got the first appeal. There was no evidentiary hearing as to damages following remand. The defendant paid the nominal damages.

We reversed the violation of due process determination made by the trial court and remanded. The remand suggested the consideration of the personal participation matter, we did not mention the question of damages in the remand, and no further hearing was suggested. As stated at the outset, the only issue now before us is the application of *Piphus* to the established Eighth Amendment violation, this in view of the trial court's finding on the showing of damages.

We feel compelled by the Supreme Court opinion to apply it to this case. Here as in the cited case there is no evidence of actual damages. The arguments in *Piphus* that nevertheless there should be substantial damages awarded was rejected. The presumed damages argument was there made as was the comparison to damages in defamation actions. The Court reviewed the basic tort damage concepts and said:

"Insofar as petitioners contend that the basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights, they have the better of the argument. Rights, constitutional and otherwise, do not exist in a vacuum. Their purpose is to protect persons from injuries to particular interests, and their contours are shaped by the interests they protect.

"Our legal system's concept of damages reflects this view of legal rights. 'The cardinal principle of damages in Anglo-American law is that of *compensation* for the injury caused to plaintiff by defendant's breach of duty.' 2 F. Harper & F. James, Law of Torts ... (emphasis in original). The Court implicitly has recognized the applicability of this principle to actions under § 1983 by stating that damages are available under that section for actions 'found ... to have been violative of ... constitutional rights *and to have caused compensable injury* ....' *Wood v. Strickland,* 420 U.S. [308], at 319 [95 S.Ct. 992, at 999, 43 L.Ed.2d 214] (emphasis supplied); *see Codd v. Velger,* 429 U.S. 624 [97 S.Ct. 882, 51 L.Ed.2d 92] ...; see also *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 397 [91 S.Ct. 1999, 2005, 29 L.Ed.2d 619] (1971) .... The lower federal courts appear generally to agree that damages awards under § 1983 should be determined by the compensation principle."

The Supreme Court thus presents an across-the-board position on the application of the typical tort doctrines to damages in § 1983 actions. This includes the doctrines applied when there is no showing of damages. The Court then said:

"It is less difficult to conclude that damages awards under § 1983 should be governed by the principle of compensation than it is to apply this principle to concrete cases. But over the centuries the common law of torts has developed a set of rules to implement the principle that a person should be compensated fairly for injuries caused by the violation of his legal rights."

The Court mentions that there are differences in the proof for different violations but states that the principle of compensation must prevail.

It is apparent from the opinion of the Court that upon a proper showing actual damages, if present, can be established in any constitutional violation case, and can be

recovered. It is equally apparent that if a violation was established, but no showing of damages was made, the recovery is limited to nominal damages. There were no injuries established to be compensated for. In *McGhee v. Draper,* 639 F.2d 639 (10th Cir. 1981), we said: "By permitting the recovery of damages resulting from procedural violations, we do not remove from plaintiff the task of proving causal connections. Damages are not to be presumed. *See Carey v. Piphus,* 435 U.S. 247 [98 S.Ct. 1042, 55 L.Ed.2d 252] . . . ." The issue of damages was again considered in *Corriz v. Naranjo,* 667 F.2d 892 (10th Cir.1981), where we said that the "plaintiff produced sufficient evidence of actual damages in this case to justify a substantial compensatory award under Count One." *See also Thompson v. Burke,* 556 F.2d 231 (3d Cir.1977), and *Magnett v. Pelletier,* 488 F.2d 33 (1st Cir.1973).

The Court in *Piphus* thus starts the opinion with the basic tort damage-injury doctrines and concludes it with the same references.

"Common-law courts traditionally have vindicated deprivations of certain 'absolute' rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights."

*See also Silver v. Cormier,* 529 F.2d 161 (10th Cir.1976), which considered punitive damages.

The Supreme Court indicates the necessary variations in the nature of the proof for different constitutional violations and the need for adaptations when it said:

"In order to further the purpose of § 1983, the rules governing compensation for injuries caused by the deprivation of constitutional rights should be tailored to the interests protected by the particular right in question—just as the common-law rules of damages themselves were defined by the interests protected in the various branches of tort law."

However, the basic element in any particular circumstance must be proof of injury—damages.

Thus we must conclude that the application of *Carey v. Piphus* to this case was proper with the award of nominal damages.

The obvious argument which can be made is that the difference in the nature of a due process violation and a cruel and unusual punishment violation is such that a *Piphus* result need not be reached. It is tempting to make a procedural-substantive comparison but that has not proved helpful in other situations where it is sought to be used. The descriptions in the *Piphus* opinion discourage such a distinction. The reference in *Piphus* to "absolute" rights does not assist us either. The scope of the Court's application of the common law compensatory damage doctrine is broad enough to cover this constitutional violation on the record before us. The fundamental element of this case and in *Piphus,* as we have mentioned above, is that in neither were actual damages shown to have been the consequence of the constitutional violation. With no damages shown the nature of the violation is of little significance when the *Piphus* opinion is applied.

It would appear much easier to demonstrate damages in a cruel and unusual case than in a procedural due process case. The Court in *Carey v. Piphus* does refer to the less apparent damages which could be the consequence of a due process violation. It is obvious that the very term "cruel and unusual" denotes an impact on the prisoner, but again, the trial court here found that the plaintiff was unable to prove actual injury.

We must thus conclude that the nominal damages were proper in these circumstances.

The judgment of the district court is affirmed.