Edward A. GANEY, Appellant,

v.

Ralph D. EDWARDS; Walter L. Kautz-
ky, Sam P. Garrison; Charles E. Smith;
Daniel G. Durham, Appellees.

No. 84–6156.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 3, 1984.

Decided April 2, 1985.

Harrison L. Winter, Chief Judge, con-
curred in part and dissented in part with
opinion.

William D. Dannelly and Donald S. In-
graham, Raleigh, N.C. (Moore, Van Allen &
Allen, Raleigh, N.C., on brief), for appel-
lant.

Rufus L. Edmisten, Atty. Gen., Raleigh,
N.C. (Jacob L. Safron, Sp. Deputy Atty.
Gen., Raleigh, N.C., on brief), for appellees.

Before WINTER, Chief Judge, and
HALL and SNEEDEN, Circuit Judges.

SNEEDEN, Circuit Judge.

Edward A. Ganey, a prisoner at North
Carolina Central Prison in Raleigh, North
Carolina, brought an action against various
state prison officials under 42 U.S.C.
§ 1983 on April 21, 1978. This case has
been before this Court on appeal, and it
was remanded to the District Court, The
Honorable Franklin T. Dupree, Jr., presid-
ing, for a hearing on Ganey's claim that the
North Carolina defendants had deprived
him of his right of access to the prison law

library. *Ganey v. Edwards*, 609 F.2d 507, slip op. at 1 (4th Cir.1979) (unpublished) (per curiam). Ganey's other claims were properly dismissed on summary judgment for the reasons given by Judge Dupree in his memorandum and order. *See Ganey v. Edwards*, No. 78–184 (E.D.N.C. Sept. 9, 1978).

Ganey is serving a life sentence for the murder of his wife, Cynthia Ganey, who was a schoolteacher. Originally, Ganey proceeded *in forma pauperis* and represented himself; but, after the case was remanded to the District Court, Ganey was assigned court-appointed counsel.

■ On remand, the sole issue was whether the state prison officials had deprived Ganey of the constitutional right of meaningful access to the courts. It is well-settled that a prisoner must be granted access to a law library as part of his right to petition the courts. *See, e.g., Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) (State prisons must provide inmates with law libraries or with assistance from persons trained in the law.); *Cruz v. Hauck*, 627 F.2d 710 (5th Cir.1980) (Prisoners must have meaningful access to the courts.); *Williams v. Leeke*, 584 F.2d 1336 (4th Cir.1978) (Hall, J., dissenting) (Prisoners must be granted more than forty-five minute intervals to conduct legal research in prison library).

A five-day jury trial was held after the case was remanded. The jury found that Defendant Sam Garrison, the Warden of North Carolina Central Prison, had denied Ganey adequate and meaningful access to the law library at Central Prison or to other adequate means of access to the courts between April 4, 1978, and March 2, 1979. The jury also found that the two remaining defendants—Edwards and Kautzky—had not violated Ganey's rights. The jury awarded Ganey no actual or nom-

inal damages. Ganey moved for judgment notwithstanding the verdict (jnov) on the issue of damages and to amend the judgment to provide for injunctive relief. The District Court denied both motions. Additionally, the jury found that the denial of access to the law library had adversely affected Ganey's ability to pursue a state court action in which he was seeking to retain custody of his son. Garrison moved for jnov on this issue, and the District Court granted the motion. Garrison does not appeal the portion of the verdict finding that he had denied Ganey access to the library. Two main issues are addressed on this appeal: Did the District Court err in not entering a jnov awarding Ganey $1.00 in nominal damages? Was the District Court correct in denying the equitable relief Ganey requested? We find that the District Court did not err and affirm the judgment.[1]

At the time Ganey was denied access to the library, he was involved as a plaintiff or defendant in a long-list of lawsuits. One of the lawsuits in which Ganey was a litigant was *In re Vance Alfred Ganey*, 77 CVD 1712 (New Hanover County, N.C. 1979). In the *In re Vance* case, Mr. and Mrs. Alfred W. Brunjes, Sr., the parents of Cynthia Ganey, whom Ganey had shot and killed, sought to terminate Ganey's parental rights. The maternal grandparents had been providing care and support to Vance Alfred Ganey. On March 2, 1979, the North Carolina state court entered a judgment terminating Ganey's parental rights. There was substantial evidence to show that Ganey had been allowed to use the law library. However, he had not been given an adequate amount of time in the library during the time that he was litigating this custody dispute.

The jury was properly instructed that it could award Ganey as little as 5¢ in dam-

---

**1.** In light of our decision not to reverse and remand this case for an award of nominal damages or for a grant of equitable relief, we do not find it necessary to decide if the District Court erred in granting the jnov motion for Garrison. Our affirmance of the District Court's judgment, which designates Ganey as the prevailing party, does not mean we accept the State's argument that as a matter of law a prisoner must always show that he was prejudiced in his ability to defend or prosecute a particular claim when the prisoner has shown that the State deprived him or her of meaningful access to the law library.

ages.[2] Ganey had presented some evidence at trial concerning the nominal costs he incurred in copying legal materials, but the jury nevertheless made a finding of no damage.[3]

Ganey argues that the Supreme Court held in *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), that a plaintiff who prevails on a § 1983 claim must always be awarded nominal damages of $1.00 as a matter of law and therefore the District Court's denial of the jnov motion should be reversed. Garrison, however, argues that the amount of nominal damages is a question of fact and the jury's finding of no damages need not be reversed. We agree with the latter view and find that in this case an award of nominal damages is not mandatory.

In the landmark case of *Carey v. Piphus*, the Supreme Court established the rule that for a plaintiff to recover compensatory or actual damages for a procedural due process violation, he or she must offer proof of actual injuries. 435 U.S. at 264, 98 S.Ct. at 1052, 55 L.Ed.2d at 265. The Court, however, was careful to point out

that § 1983 claims in which a plaintiff could offer no proof of actual injury were nevertheless actionable and could not be dismissed for failure to state a claim or dismissed upon summary judgment before a trial on the merits. Our ruling in no way challenges this *Carey* holding, which enables a § 1983 claim to be actionable for nominal damages without any showing of actual injury. We conclude that once the issue is presented to the jury, it may decide to award a zero sum or some other small amount as nominal damages.

Ganey has failed to point out any legal consequences that would make it necessary to impose a $1.00 nominal damage award to sustain the finding of liability. The jury's finding that Garrison deprived Ganey of his right of access to a law library and that Ganey was entitled to no damages is not inconsistent or ambiguous. Thus, a new trial is not required. Furthermore, a finding of liability on a § 1983 claim need not be supported by a monetary damage award for the prevailing party to reap the legal benefits of having won on the merits. A

2. At trial, the jury was instructed on the question of damages as follows:

*Damages.* If you find in favor of the plaintiff, then, you will award him such actual or compensatory damages as you find from the preponderance of the evidence were proximately caused by the acts of the defendants in denying plaintiff meaningful, adequate, and effective access to the courts. You may consider any evidence that has been admitted in this trial for the purpose of setting these damages. Plaintiff has specifically alleged he has incurred damages in the form of photocopying and mailing expenses in litigation which he undertook that he would not have undertaken if he had received such adequate access.

If you find that plaintiff was deprived of his constitutional right of access to the courts, but do not find that he suffered any actual damages, then you may award him some minimal sum as damages, such as five cents or $1.00 or some other insignificant sum. While such an award of nominal damages may not be significant, it may be greater than $1.00.

3. The jury's verdict was as follows:

We, the jury, answer the issues submitted to us as follows:
1. Was the plaintiff, Edward A. Ganey, denied adequate, meaningful and effective access to the law library at Central Prison or to alternative means of adequate access to the courts at any time between April 4, 1978, and March 2, 1979?
Answer:
Yes (a) By the defendant, Sam Garrison?
No (b) By the defendant, Ralph Edwards?
No (c) By the defendant, Walter L. Kautzky?
2. If so, did the defendants act in good faith in so doing?
Answer:
No (a) Defendant Garrison
3. If your answer to the first issue was "yes" as to either defendant, and your answer to the second issue was "no" as to such defendant or defendants, did the denial of adequate, meaningful and effective access to the law library at Central Prison or to alternative means of adequate access to the courts adversely affect the plaintiff's defense of the action to terminate his parental rights with respect to the child, Vance Alfred Ganey, in the action entitled *In re Vance Alfred Ganey*.
Answer: Yes
4. What amount of damages, if any, is the plaintiff entitled to recover?
Answer: None

plaintiff in a § 1983 action may recover attorney's fees under 42 U.S.C. § 1988 and costs under Rule 54 of the Federal Rules of Civil Procedure as long as he or she is designated the prevailing party. A monetary damage award or equitable relief is not required before a plaintiff or a defendant in a § 1983 suit may be treated as the prevailing party for the purpose of awarding costs and attorney's fees. *See NAACP v. Wilmington Medical Center,* 689 F.2d 1161, 1167 (3rd Cir.1982), *cert. denied,* 460 U.S. 1052, 103 S.Ct. 1499, 75 L.Ed.2d 930 (1983) (Attorney's fees may be awarded to parties who do not ultimately obtain the whole relief sought in the litigation).[4]

Judgment in this case was entered in Ganey's favor, and the District Court specifically denied Garrison's jnov motion and allowed the jury's finding that Ganey was deprived of meaningful access to the library to stand. Appellant's Appendix at 96. The District Court noted in its memorandum denying Garrison's jnov motion that Ganey had a pending motion for costs and attorney's fees before the District Court. An award of $1.00 in damages in this case is not necessary in order for Ganey to be labelled the prevailing party and for the judgment order entered in his favor to stand. Although a nominal damage award of $1.00 may have symbolic value, Ganey has failed to point out the significant legal consequences that would result; therefore, we will not require that the trial judge add a nominal sum to the verdict.

Ganey correctly points out that certain language in the *Carey* case does suggest that a nominal damage award is mandatory. The Supreme Court said:

> [W]e believe that the denial of procedural due process should be actionable for nominal damages without proof of actual

injury. We therefore hold that if, upon remand, the District Court determines that respondents' suspensions from school were justified, respondents nevertheless will be entitled to recover nominal damages not to exceed one dollar from petitioners.

435 U.S. at 266–67, 98 S.Ct. at 1054, 55 L.Ed.2d at 267. The Court in *Carey,* however, did not expressly address the question presented in this case. In reversing the Court of Appeals for the Seventh Circuit, the Court addressed the more difficult question of whether constitutional rights are of such significance, and actual injury so difficult to prove, that a judge or jury must presume that actual damages were incurred once a plaintiff has shown that the defendant deprived him or her of a constitutional right. Thus, our reading of *Carey* does not compel us to reverse the District Court and enter an award of nominal damages.[5]

On this appeal, we do not decide the constitutional issue of whether the courts must award actual damages for violations of substantive due process rights, even when a plaintiff has been unable to prove actual damages. After *Carey,* this issue has caused a split among the circuits; some circuit courts first have found that *Carey* was limited to procedural due process rights, and then they have identified particular substantive due process rights that are so fundamental as to require automatic damage awards. *See, e.g., Herrera v. Valentine,* 653 F.2d 1220 (8th Cir.1981) (Compensatory damages are recoverable when substantive constitutional rights are violated absent proof of actual injury); *Brandon v. Allen,* 719 F.2d 151, 154 (6th Cir.1983) (Actual injury need not be proven for plaintiff to recover compensatory damages

---

**4.** The most critical factor in determining the amount of the award is the degree of success obtained. *See Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1984). Therefore, the no damage award, of course, may affect the district court's calculations.

**5.** Additionally, we do not find that *Burt v. Abel,* 585 F.2d 613 (4th Cir.1978), precludes us from reaching this result. In *Burt v. Abel,* the specific

question of whether a jury must award $1.00 in nominal damages when it makes a finding of liability on a § 1983 claim was not presented. The Court did note in passing that upon remand the plaintiff should be awarded $1.00 in nominal damages, if she proved a § 1983 violation without making a showing of actual damage. *Id.* at 616.

when right to be free from use of excessive force by police was violated). *But see Lancaster v. Rodriguez,* 701 F.2d 864 (10th Cir.) (per curiam), *cert. denied,* 462 U.S. 1136, 103 S.Ct. 3121, 77 L.Ed.2d 1373 (1983) (Actual injury must be proven to recover compensatory damages when prisoner's substantive Eighth Amendment right to be free from cruel and unusual punishment is violated); *Familias Unidas v. Briscoe,* 619 F.2d 391 (5th Cir.1980) (Actual injury must be proven to recover compensatory damages when a plaintiff's First Amendment rights have been violated).

The right of access to the justice system may or may not be such a fundamental substantive due process right; however, we do not reach this question because the parties have not briefed or argued the issue. Ganey has not argued that because of the nature of the right infringed he was automatically entitled to compensatory damages even though he was unable to prove actual damages. In light of the substantial dispute on this issue, we decline to address this difficult issue without the assistance of counsel.[6]

■ Additionally, we agree with the District Court's decision not to amend the judgment to include injunctive relief. Ganey has since been moved to a different prison, and he has not shown that the State defendants are continuing to deprive him of right of access to a prison law library. Injunctive relief against the defendants is unnecessary to ensure that in the future Ganey has access to a law library.

For the reasons set forth, we affirm the judgment of the District Court.

AFFIRMED.

HARRISON L. WINTER, Chief Judge, concurring in part and dissenting in part:

I agree with the majority that the district court committed no error in declining to amend the judgment to include injunctive relief. But I am of the view that an award of nominal damages is mandatory when plaintiff has proven a deprivation of constitutional right, and that the jury should have been so instructed. Therefore I respectfully dissent from this part of the majority's decision.

In *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), the Supreme Court unequivocally stated that "the denial of procedural due process should be actionable for nominal damages without proof of actual injury." *Id.* at 266, 98 S.Ct. at 1054. It followed this language with the direction that, even if on remand the plaintiffs could prove no damages arising from being denied due process, they *"will be entitled* to recover nominal damages not to exceed one dollar". *Id.* at 267, 98 S.Ct. at 1054 (emphasis added). The majority suggests that the Supreme Court in *Carey* "did not expressly address the question" of whether nominal damages are mandatory. The language of the Court belies the majority's assertion. The Court specifically instructed the district court that the plaintiffs there would be entitled—not "might be entitled"—to nominal damages on remand if they proved a denial of constitutional right. The district court there could hardly ignore this direct order, nor should we here where the jury has found that Ganey's rights were violated.

The majority's holding also contradicts earlier Fourth Circuit precedent. In *Burt v. Abel,* 585 F.2d 613 (4 Cir.1978), we correctly interpreted *Carey* to mean that "damages, *other than nominal damages,* are not presumed to flow from every deprivation of procedural due process." *Burt* at 616. The unavoidable implication of this statement is that *nominal* damages *are* presumed for every such deprivation. The *Burt* decision then stated that, absent

---

6. The State has waived the issue of whether a prisoner's constitutional right to use a prison law library for litigating habeas corpus actions and civil rights actions encompasses the right to have access to the library to litigate a state civil claim involving child custody by not briefing or arguing this issue on appeal. *See Wolf v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (States may not limit access to law library to those prisoners filing habeas corpus petitions).

proof of actual damages, the district court "shall"—not "may"—"enter an award in plaintiff's favor of nominal damages not to exceed one dollar." *Id.* at 616. This statement was not "note[d] in passing," as the majority suggests, but was a specific instruction to the district court.

The majority further errs in discerning no legal consequences that require imposing a nominal damage award. First, in some cases such recovery is necessary to qualify plaintiff as a prevailing party for purposes of awarding attorney's fees. *See Basiardanes v. City of Galveston,* 682 F.2d 1203, 1220 (5 Cir.1982); Cook & Sobieski, Civil Rights Actions, ¶ 4.07 at 4–51 (1984). To be a prevailing party, a litigant must achieve some of the benefit sought in bringing suit. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Awarding nominal damages insures that those who prove a constitutional deprivation are designated prevailing parties even if they can obtain no other relief.

Second, failing to recognize that the jury must award nominal damages here as a matter of law leaves the decision whether to award such damages to the jury's unbounded and unprincipled discretion, since the jury was instructed only that it "may" award nominal damages. The majority styles the decision of whether to make such an award a "question of fact," but it is hard to fathom what "factual" question the jurors would be deciding, or the standard guiding their decision. The majority would thus have the jury decide a seemingly trivial question, based perhaps on the popularity of plaintiff or his cause, that might determine the availability of attorney's fees. The availability of attorney's fees, and thus the vindication of constitutional rights, should not turn on a jury's arbitrary whim.

I would reverse the district court's judgment as to damages and direct it to award plaintiff a sum not in excess of $1.00. In all other respects I am satisfied to affirm.