James Keith LEDFORD, Plaintiff,

v.

Randy C. GIBSON, et al., Defendants.

Civ. A. No. 85–625–G.

United States District Court,
M.D. North Carolina,
Greensboro Division.

Nov. 10, 1986.

Marvin Sparrow and Michael S. Hamden, of N.C. Prisoner Legal Services, Inc., Raleigh, N.C., for plaintiff.

Tiare B. Smiley, Asst. Atty. Gen., North Carolina Dept. of Justice, Raleigh, N.C., for defendants.

## MEMORANDUM OPINION

GORDON, Senior District Judge:

Plaintiff is a prisoner who on 14 June 1984 was incarcerated at Blanch Youth Center in Blanch, North Carolina. Defendants are prison guards at that facility. Plaintiff sued defendants under 42 U.S.C. § 1983 alleging that defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution. A jury trial was conducted and the jury returned a verdict finding that the defendant Randy C. Gibson violated plaintiff's right to be free from cruel and unusual punishment. The jury also found, however, that plaintiff was not entitled to recover any damages, not even nominal damages.

Both parties argue that the jury's decision not to award damages necessitates a reconsideration of the jury's verdict. Defendant Gibson moves for entry of judgment notwithstanding the verdict pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. Defendant argues that the jury's failure to award damages indicates that the "evidence presented at trial was not sufficient to support a constitutional deprivation claim for cruel and unusual punishment." Plaintiff moves for a new trial pursuant to Rule 59 of the Federal Rules solely on the issue of damages. Plaintiff urges that "in view of the evidence presented, the award of substantial compensatory and punitive damages would have been appropriate. The award of zero damages was unquestionably inadequate to compensate plaintiff for the violation of his constitutional right or the injuries he suffered."

In viewing a motion for judgment notwithstanding the verdict (jnov), a court may not substitute its judgment of the facts for that of the jury or pass on the credibility of witnesses. Furthermore, a court is obliged to view the evidence in the light most favorable to the nonmoving party, in this case the plaintiff, and to give the nonmovant the benefit of all inferences fairly supported by the evidence, even though contrary inferences may be drawn. *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 696, 82 S.Ct. 1404, 1409, 8 L.Ed.2d 777 (1962); *Murdaugh Volkswagon, Inc. v. First National Bank of South Carolina*, 801 F.2d 719, 725 (4th Cir.1986); *Lust v. Clark Equipment Co., Inc.*, 792 F.2d 436, 437 (4th Cir.1986). After viewing the evidence in this manner, a court may grant a jnov motion only if the evidence points so strongly in favor of the

moving party that reasonable minds could not find for the nonmoving party. *Howard v. McCrory Corp.,* 601 F.2d 133, 137 (4th Cir.1979). *See Lust,* 792 F.2d at 437 ("a mere scintilla of evidence is insufficient to sustain [a jury] verdict").

A motion for a new trial differs from a jnov motion in that the court may weigh the evidence and the credibility of the witnesses. *Wyatt v. Interstate & Ocean Transport Co.,* 623 F.2d 888, 891 (4th Cir.1980). The trial court need not take that view of the evidence most favorable to the nonmoving party. *Ouachita National Bank v. Tosco Corp.,* 686 F.2d 1291 (8th Cir.1982); *Spell v. McDaniel,* 604 F.Supp. 641 (E.D.N.C.1985). Rather a district judge may set a verdict aside and grant a new trial "when the verdict is contrary to the clear weight of the evidence, or whenever in the exercise of sound discretion the trial judge thinks this action necessary to prevent a miscarriage of justice." *Garrison v. United States,* 62 F.2d 41, 42 (4th Cir.1932). A district judge must, however, and should have both practical and theoretical respect for the fact-finding and truth-seeking functions of the civil jury. *See Foster v. Continental Can Corp.,* 101 F.R.D. 710 (N.D.Ind.1984).

The court denies the motions for judgment notwithstanding the verdict and for a new trial; the evidence adduced at trial supports both the jury's finding of liability and the jury's decision not to award damages. The plaintiff and the plaintiff's three witnesses testified that they observed defendant Gibson strike plaintiff in the head and body with fists and a billy stick. These witnesses stated that the plaintiff was not resisting the defendant's actions. The jury thus had ample evidence from which it could determine that defendant Gibson unnecessarily and wantonly inflicted pain upon the plaintiff in violation of the plaintiff's right to be free from cruel and unusual punishment. Similarly, although the evidence contained indications that plaintiff possibly suffered a hematoma and/or a laceration to the back of the head, there was ample medical testimony maintaining that plaintiff did not suffer any physical injury. Furthermore, the evidence indicated that even if the plaintiff suffered injury, that injury may have resulted from an altercation between the plaintiff and a fellow inmate. The jury could have easily concluded that plaintiff failed to carry his burden of proving compensable injuries, *see Memphis Community School District v. Stachura,* —— U.S. ——, —— – ——, 106 S.Ct. 2537, 2543–46, 91 L.Ed.2d 249, 259–62 (1986) and *Carey v. Piphus,* 435 U.S. 247, 255, 264–66, 98 S.Ct. 1042, 1052–53, 55 L.Ed.2d 252 (1978), especially since the plaintiff chose not to present any direct medical testimony concerning his alleged injuries.

In short, the jury had ample evidence before it to decide whether defendant acted so as to wantonly inflict pain upon the plaintiff and whether the plaintiff proved that any compensable injuries resulted from defendant's actions. The jury necessarily based its determination, in large part, on its evaluation of the witness's credibility and the sufficiency of the proof of injury. This court is loathe to substitute its own weighing of the evidence and determinations of credibility for those of the jury, in the absence of some outstanding circumstance, in a case where the evidence fairly and reasonably supports the jury's verdict. The court finds no outstanding circumstance in this case: the parties were satisfied with the court's instructions of law, the jury deliberated for a reasonable period of time (approximately five hours), and the verdict does not appear unjust.

Furthermore, the jury's award of zero dollars ($0.00) as damages to the plaintiff does not militate a conclusion that the jury's verdict was amiss. In *Ganey v. Edwards,* 759 F.2d 337 (4th Cir.1985), the court held that where a jury finds that a prisoner is denied substantive due process in that the prisoner is denied access to a law library, the law does not require the jury to award a minimum amount of $1 nominal damages. "Once the issue is presented to the jury, it may decide to award a zero sum or some other small

amount as nominal damages." *Id.*, 759 F.2d at 339. *Ganey* thus, in effect, concludes that an award of zero dollars is equivalent to an award of nominal damages. This conclusion appears to comport with the rational behind the allowance of awards of nominal damages. As the Supreme Court stated in *Carey v. Piphus*, "[c]ommon-law courts traditionally have vindicated deprivations of certain 'absolute' rights that are not shown to have caused actual injury through the award of nominal damages." 435 U.S. 247, 266, 98 S.Ct. 1042, 1053, 55 L.Ed.2d 252 (1978). The law allows actions to vindicate deprivations of these rights, without proof of actual damage, because "the law recognizes the importance to organized society that [these] rights be scrupulously observed." *Id.* At the same time, a court will only award nominal damages in these cases so as to remain true "to the principle that substantial damages should be awarded only to compensate actual injury." *Id.* The allowance of an award of zero dollars, as here, in no way conflicts with the goal of making the deprivation of certain important rights actionable without proof of actual injury. There does not appear to be any logical or legal consequences that make it necessary to impose the symbolic award of 5¢ or $1.00 in nominal damages in order to sustain a jury's finding of liability. It is the court's finding of liability that vindicates the rights of the plaintiff, not the symbolic award of money. Accordingly the court holds, as did the court in *Ganey*, that "a finding of liability on a § 1983 claim need not be supported by a monetary damage award." *See Ganey*, 759 F.2d at 339.

The parties have not specifically addressed and, therefore, the court does not decide the interesting issue of whether an award of actual damages necessarily follows from a finding of a violation of a prisoner's right to be free from cruel and unusual punishment, even where the plaintiff has been unable to prove actual damages. The circuits are split on this issue. *Compare Lancaster v. Rodriguez*, 701 F.2d 864 (10th Cir.), *cert. denied*, 462 U.S. 1136, 103 S.Ct. 3121, 77 L.Ed.2d 1373 (1983) (actual injury must be proven to recover compensatory damages when prisoner's substantive Eighth Amendment right to be free from cruel and unusual punishment is violated) *with Parrish v. Johnson*, 800 F.2d 600, 610–11 (6th Cir.1986) (compensatory damages may be presumed for some violations of a prisoner's Eighth Amendment rights, such as an assault, absent proof of actual injury). Although this court does not purport to reconcile this conflict, recent Supreme Court decisions appear to support the conclusion reached herein. *See Memphis Community School District v. Stachura*, —— U.S. ——, —— n. 11, 106 S.Ct. 2537, 2544 n. 11, 91 L.Ed.2d 249, 260 n. 11 (1986) ("nominal damages ... are the appropriate means of 'vindicating' [constitutional] rights whose deprivation has not caused *actual, provable* injury") (emphasis supplied); *Carey v. Piphus*, 435 U.S. at 255, 98 S.Ct. at 1048 ("damages are available under [§ 1983] for actions 'found ... to have been violative of ... constitutional rights *and to have caused compensable injury*") (quoting *Wood v. Strickland*, 420 U.S. 308, 319, 95 S.Ct. 992, 999, 43 L.Ed.2d 214 (1975)). As the Court noted in *Stachura:*

> Common-law courts traditionally have vindicated deprivations of certain 'absolute' rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury.

—— U.S. at —— n. 11, 106 S.Ct. at 2544 n. 11, 91 L.Ed.2d at 260 n. 11 (quoting *Carey v. Piphus, supra,* 435 U.S. at 266, 98 S.Ct. at 1053). The tort of battery, the area of the law most analogous to a use of excessive force case under the Eighth Amendment, is one such area of the law where a plaintiff's right to "freedom from intention-

al and unpermitted contacts with the plaintiff's person" is actionable without proof of actual injury. *See* W. Prosser, The Law of Torts § 9 (4th ed. 1971). And inasmuch as it is well-settled law that a jury may deny damages or merely award nominal damages in action for battery, *see id.;* 6 Am. Jur.2d *Assault and Battery* § 180 (1963), the same result should apply, under the Court's admonition in *Stachura* that "when § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to the principles derived from the common law of torts," to an Eighth Amendment cruel and unusual punishment case. —— U.S. at ——, 106 S.Ct. at 2542, 91 L.Ed.2d at 258.

Accordingly, IT IS HEREBY ORDERED that defendant's motion for judgment notwithstanding the verdict and plaintiff's motion for new trial be, and the same hereby are, DENIED.