809 F.2d 785
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lori JACKSON; Denise Johnson; Debrah Williams, Appellants,
v.
Roy McKOY; Patricia McKoy; Roy and Patricia McKoy t/a
Belvoir Restaurant; Johe Doe; Jane Doe, Appellees.
 No. 85-2141.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1986.
Decided Jan. 8, 1987.
 
 Before PHILLIPS, SPROUSE, and ERVIN, Circuit Judges.
 Joseph M. Sellers, Lawyer's Committee for Civil Rights Under the Law and Victor M. Glasberg, Victor M. Glasberg & Associates, for appellants.
 Roy McKoy, Patricia McKoy, pro se appellees.
 PER CURIAM:
 
 
 1
 This appeal concerns the award of attorneys' fees to a prevailing plaintiff under 42 U.S.C. Sec. 1988. In calculating a reasonable attorneys' fee, the district court reduced the lodestar by fifty percent. Because we find that the district court made errors of law in reducing the lodestar we remand for reconsideration.
 
 
 2
 * The three plaintiffs in this action entered defendants' restaurant to test the accuracy of an accusation that defendants had denied service to black members of an NBC film crew. Although plaintiffs maintained that they sought admission to the restaurant when it was open for business, defendants insisted that the restaurant was closed and refused to allow plaintiffs to enter the restaurant. Plaintiffs alleged that in blocking plaintiffs' attempt to enter defendants verbally threatened and physically accosted them. Plaintiffs then brought this action for violation of their civil rights, assault and battery, and intentional infliction of emotional distress. Plaintiffs sought preliminary and permanent injunctive relief and "an award of their actual and punitive damages appropriate to the proof at trial."
 
 
 3
 The jury found that defendants had violated plaintiffs' civil rights and awarded plaintiffs $1.00 each in nominal damages and $500.00 each in punitive damages, for a total of $1503.00. The jury found for defendants on the assault and battery claim and on the intentional infliction of emotional distress claim.
 
 
 4
 Plaintiffs applied for an award of attorneys' fees and costs on August 2, 1985. They sought $18,510.00 in attorneys' fees and $1,200.38 in costs and expenses. In calculating the "lodestar" for the fee award, the district court found that plaintiffs' request for attorneys' fees was based on a reasonable hourly rate and a reasonable number of hours expended. The court found that plaintiffs had not sought to recover for fees expended to pursue unsuccessful, unrelated claims and that plaintiffs were not seeking compensation for excessive, redundant, or unnecessary hours. The court, however, ruled that plaintiffs' fee award should be adjusted downward by fifty percent because plaintiffs had achieved only a "minimum level of success" and because plaintiffs would not have been deterred from bringing their lawsuit if attorneys' fees were not available. This appeal followed.
 
 II
 
 5
 In Hensley v. Eckerhart, 461 U.S. 424 (1963), the Supreme Court held that a critical factor in an award of attorneys' fees is an assessment of the results obtained. After calculating a "lodestar" figure, which is the product of the number of hours reasonably expended times a reasonable hourly rate, and excluding amounts expended in pursuit of unsuccessful claims, the district court must determine whether plaintiffs "achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." Hensley, 461 U.S. at 434. The district court here reduced the lodestar in part as a result of its conclusion that plaintiffs had enjoyed only a "minimum level of success" because the jury had failed to award plaintiffs any compensatory damages.
 
 
 6
 The amount of damages awarded by a jury may be relevant to the court's assessment of the level of success achieved by plaintiffs. See Gainey v. Edwards, 759 F.2d 337, 340 n. 4 (4th Cir.1985). Entitlement to a reasonable attorneys' fee under Sec. 1988, however, is not conditioned on an award of money damages and need not be proportionate to the amount of damages awarded. City of Riverside v. Santos Rivera, 54 U.S.L.W. 4845, 4849 (June 27, 1986). Nevertheless, the failure to receive the degree of relief requested may be indicative of a failure to achieve sufficient success in the litigation to justify a fully compensatory attorney's fee. This can only be determined, however, in a comparative assessment, not by an absolute determination that an award is high or low. See DeFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir.1985). To make the required comparative assessment, district courts must evaluate the amount of monetary damages and the nature of other relief obtained against the scope of the litigation and the amount of relief requested. Hensley, 461 U.S. at 435.
 
 
 7
 The district court here concluded that plaintiffs' failure to recover any compensatory damages justified a reduction in the lodestar without attempting to compare that result with the result sought. Plaintiffs were "testers" whose actions were designed to secure their civil rights. It is clear from their complaint that their primary motive in bringing this action was to prevent the continuing violation of their civil rights, not to recover for any significant personal injuries. There was no request for a large damage award or even for a sum certain in damages. Plaintiffs sought only actual damages "appropriate to the proof at trial." On remand the district court must evaluate the jury's failure to award compensatory damages against the vigor with which plaintiffs attempted to establish compensatory damages at trial before determining whether the lodestar should be raised or lowered. See Jacquette v. Black Hawk County, Iowa, 710 F.2d 455 (8th Cir.1983).
 
 
 8
 The district court also based its decision to reduce the lodestar on its determination that the unavailability of attorneys' fees would not have deterred plaintiffs from seeking relief. No Supreme Court decision supports reliance on this factor in reducing the lodestar. In Hensley the Supreme Court specified twelve factors that a district court may rely on in reducing or enhancing the lodestar. Hensley, 461 U.S. at 430 n. 3. The ability or willingness of plaintiffs to bear the expense of the litigation is not among those factors. Newman v. Piggie Park Enterprises, 390 U.S. 400 (1968) (per curiam), which was cited by the district court to support its reliance on this factor, does not suggest that the assessment of attorneys' fees is conditioned on whether plaintiffs would have been deterred from seeking relief if attorneys' fees had not been available.
 
 
 9
 The plaintiffs' willingness or ability to bear the expense of the litigation does not change the plaintiffs' entitlement to a fee award. Bills v. Hodge, 628 F.2d 844, 847 (4th Cir.1980); Rodriquez v. Taylor, 569 F.2d 1231, 245 (3d Cir.1977). The Supreme Court has implicitly approved this principle by holding that attorneys who work for public interest groups should be compensated at market rates if the plaintiff prevails. Blum v. Stenson, 465 U.S. 886 (1984). The district court erred in relying on whether plaintiffs would have been deterred in bringing the suit had attorneys' fees not been available as a factor in determining a reasonable attorneys' fee.
 
 
 10
 Because we find the reduction in the fee award cannot be justified by the reasoning cited by the district court, we remand the case for reconsideration of the fee award. Daly v. Hill, 790 F.2d 1071 (4th Cir.1986). We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the court, and argument would not significantly aid the decisional process.
 
 
 11
 VACATED AND REMANDED.