Edward A. **GANEY**, Appellee,

v.

Sam P. **GARRISON**, Appellant,

and

Ralph D. **Edwards;** Walter L. **Kautzky;** Charles E. **Smith;** Daniel G. **Durham;** Nathan **Rice;** L.V. **Stephenson;** Rae **McNamara,** Defendants.

No. 86–7516.

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1986.

Decided March 19, 1987.

---

Joseph L. Safron, Sp. Deputy Atty. Gen. (Lacy H. Thornburg, Atty. Gen., Lucien Capone, III, Asst. Atty. Gen., on brief), for appellant.

Donald S. Ingraham (William D. Dannelly, Moore, Van Allen, Allen & Thigpen, on brief), for appellee.

Before WINTER, Chief Judge, and WIDENER and HALL, Circuit Judges.

PER CURIAM:

This is an appeal from an award of attorneys' fees under 42 U.S.C. § 1988. While we affirm the court's award, there may be a small error to be considered on remand.

This case was first here in *Ganey v. Edwards*, 609 F.2d 507 (4th Cir.1979) (unpublished), and the facts in this case have been set out previously in our decision in *Ganey v. Edwards*, 759 F.2d 337 (4th Cir. 1985). On this third occasion, we will review them only briefly. Edward A. Ganey, a prisoner at North Carolina Central Prison in Raleigh, North Carolina, brought an action against certain state prison officials under 42 U.S.C. § 1983 for various violations of his constitutional rights. After a remand from this court in *Ganey v. Ed-wards*, 609 F.2d 507 (4th Cir.1979) (unpublished), the only issue remaining in the case for trial was whether or not the defendants deprived Ganey of the constitutional right of meaningful access to the courts by denying him adequate access to the prison's law library.

A five-day trial resulted in a verdict for the plaintiff against defendant Sam Garrison, the prison's warden, but no award of actual or nominal damages. After losing his appeal for nominal damages and equitable relief in *Ganey v. Edwards*, 759 F.2d 337 (4th Cir.1985), the plaintiff made this application to the court for attorneys' fees. After a thorough review of the evidence, the district court awarded the plaintiff, as the prevailing party, a reasonable attorneys' fee.

On appeal, Garrison challenges both the decision that the plaintiff was a prevailing party entitled to attorneys' fees and the amount of the fee award.

Garrison first contends that, although the plaintiff has won a judgment against him, he has not been awarded damages nor other relief sought in his complaint. Therefore, the argument goes, Ganey is not entitled to an award of attorneys' fees. We disagree.

On this issue, we are bound by the previous ruling of this court that held Ganey to be a prevailing party in this litigation for the purpose of receiving an award of attorneys' fees. In that decision, we said:

Furthermore, a finding of liability on a § 1983 claim need not be supported by a monetary damage award for the prevailing party to reap the legal benefits of having won on the merits. A plaintiff in a § 1983 action may recover attorneys' fees under 42 U.S.C. § 1988 and costs under Rule 54 of the Federal Rules of Civil Procedure as long as he or she is designated the prevailing party. A monetary damage award or equitable relief is not required before a plaintiff or a defendant in a § 1983 suit may be treated as the prevailing party for the purpose of awarding costs and attorney's fees.

An award of $1.00 in damages in this case is not necessary in order for Ganey to be labeled the prevailing party.... *Ganey,* 759 F.2d at 339–40 (citations and footnote omitted). But the fact that there was no damage award, of course, may affect the district court's fee calculations. 759 F.2d at 340, n. 4.

We are thus of opinion that our previous decision in this case at 759 F.2d 337 decided that Ganey was entitled to an attorney's fee.

In calculating the fee award, the court reviewed in detail and thoroughly the claim for fees and the contentions of the parties. It identified those hours spent by counsel exclusively on matters that did not relate to issues presented at trial and those hours reasonably spent exclusively on issues tried. It appropriately disallowed the former and awarded the latter. See *Blum v. Stenson,* 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984); *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). It then reviewed the remaining hours: for those hours counsel was unable to determine which were specifically spent on the issues tried and which were not. The district court awarded plaintiff's counsel one-half of those hours.

A district court has broad discretion in its award of attorneys' fees since it has the "superior understanding of the litigation." *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941. Its fee award may not be disturbed unless it has abused its discretion. *Blum,* 465 U.S. at 896, 104 S.Ct. at 1547. The court's method of calculation here was fair and equitable and its fact finding was not clearly erroneous. Thus, we cannot say the district court abused its discretion in making its fee award.

It has come to our attention, however, that there may be a minor arithmetical or typographical error in the district court's opinion. The figure 18,582.50 appearing on page 6 in the body of the opinion apparently appears as 18,882.50 in footnote 3 thereof. This may make a small difference in the fee award, and, on remand, the district court should reconsider this aspect of its award.

 Finally, we note that "[t]ime spent defending entitlement to attorneys' fees is properly compensable in a § 1988 fee award." See *Daly v. Hill,* 790 F.2d 1071, 1080 (4th Cir.1986). Thus, on remand, the district court should also make an appropriate award in that respect to include this appeal.

The judgment of the district court is accordingly

AFFIRMED AS MODIFIED; AND REMANDED.