860 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leroy EADDY-BEY, Plaintiff-Appellant,
v.
Scott GOSSELIN, Guard Frederick, and M. Smith, Defendants-Appellees.
 No. 87-1983.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1988.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and RICHARD B. McQUADE*, Jr., District Judge.
 PER CURIAM.
 
 
 1
 The plaintiff, Leroy Eaddy-Bey, is a prisoner in the custody of the Michigan Department of Corrections. Proceeding pro se, he filed suit in the district court pursuant to 42 U.S.C. Secs. 1983 and 1985, alleging that two prison guards maliciously issued misconduct slips to him and that the prison hearing officer violated his procedural due process rights by failing to notify him of one misconduct hearing. He requested compensatory and punitive damages.
 
 
 2
 Granting the plaintiff's motion for summary judgment, the district court held that it had no authority to review the plaintiff's state law claims regarding the "maliciously" issued misconduct slips and that the two guards were not liable for the due process violation because they were not involved in the alleged failure to provide notice. However, the district court ruled that the hearing officer violated the plaintiff's procedural due process rights and awarded the plaintiff one dollar in nominal damages. The court refused to award compensatory or punitive damages because the plaintiff failed to show that he sustained any actual injuries as a result of the officer's omission.
 
 
 3
 It is well established that a plaintiff who demonstrates a violation of his rights but fails to demonstrate actual injury is limited to recovering nominal damages. Carey v. Piphus, 435 U.S. 242 (1978); Lancaster v. Rodriguez, 701 F.2d 864 (10th Cir.), cert. denied, 462 U.S. 1136 (1983); see also Aubin v. Fudala, 782 F.2d 280 (1st Cir.1986), cert. denied, 107 S.Ct. (1987). Here, the plaintiff was able to prove a due process violation, but could not demonstrate that he sustained any actual injury due to the lack of notice.
 
 
 4
 Therefore, we feel that the plaintiff, at best, is entitled to the one dollar in nominal damages awarded by the district court.[1]
 
 
 5
 The decision of the district court is AFFIRMED.
 
 
 
 *
 THE HONORABLE RICHARD B. McQUADE, JR., United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Judge Cook found that the hearing officer was "entitled to receive the protections of qualified immunity from civil liability" because he served in a "quasi-judicial function." In light of this finding, the hearing officer should have been immune from paying even nominal damages. The defendant hearing officer has not appealed, however, and we therefore affirm the one dollar award to the plaintiff