81 F.3d 172
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony GARCIA, Plaintiff-Appellant,
v.
Robert FURLONG, Superintendent; L. Nordine, Captain, Shift
Commander; Endre Samu, Lieutenant, AAHB Hearing
Board Chairman, Limon Correctional
Facility, Defendants-Appellees.
 No. 94-1477.
 United States Court of Appeals,
Tenth Circuit.
 March 22, 1996.
 
 Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Anthony Garcia appeals from the district court's order dismissing in part his civil rights complaint and denying his motions for leave to amend his complaint. We have jurisdiction pursuant to 28 U.S.C. 1291. We affirm.
 
 
 3
 Based on information received through a confidential informant, Mr. Garcia was charged with introducing and selling dangerous drugs into the Limon Correctional Facility (Facility). An administrative hearing was held at the Facility on the drug charge. Mr. Garcia was found guilty of the charged offense and penalized with thirty days of punitive segregation and loss of forty-five days of good time.
 
 
 4
 Mr. Garcia filed this complaint under 42 U.S.C.1983, alleging violation of his right to due process. Defendants filed a motion for summary judgment, which was considered by a magistrate judge acting as special master. The special master also held a trial on plaintiff's complaint. The district court adopted the special master's recommendations on summary judgment and trial issues and entered an order which disposed of all of Mr. Garcia's claims.
 
 
 5
 The district court entered judgment in favor of Mr. Garcia on his due process claim and ordered that his good time credits be restored. Neither Mr. Garcia nor the defendants appeal from this portion of the district court's disposition. The district court also dismissed Mr. Garcia's claims for money damages, dismissed defendant Robert Furlong from this action, and denied Mr. Garcia's motions to amend his complaint. Mr. Garcia appeals from these portions of the district court's order.
 
 I.
 
 6
 Mr. Garcia first challenges the district court's failure to advise him of his procedural rights in connection with the appointment of the special master. There is no indication that he raised this issue before the district court. We do not consider issues raised for the first time on appeal. See Oyler v. Allenbrand, 23 F.3d 292, 299 n. 8 (10th Cir.), cert. denied, 115 S.Ct. 278 (1994). Moreover, were we to consider it, the issue lacks merit. The district court has no obligation to act as an advocate for a pro se civil litigant. See Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir.1992).
 
 II.
 
 7
 Relying on 28 U.S.C.1915(d), Mr. Garcia next contends that the district court erred in denying his motion for appointment of counsel. The district court, citing Mallard v. United States District Court, 490 U.S. 296 (1989), concluded that 1915(d) "does not authorize a federal court to require an attorney to represent an indigent litigant in a civil case." R. Vol. I, doc. 18 at 1.
 
 
 8
 Mallard is not dispositive, however. While it is true that 1915(d) does not authorize the district court to require an attorney to represent an indigent defendant in a civil case, see Mallard, 490 U.S. at 305, it does allow the court to make an appropriate request that legal assistance be provided, id. at 308. The district court did not make such a request on Mr. Garcia's behalf. He now contends this was an abuse of discretion.
 
 
 9
 The decision whether to appoint (or, more properly, "request") counsel for an indigent inmate under section 1915(d) lies within the sound discretion of the district court. Bee v. Utah State Prison, 823 F.2d 397, 399 (10th Cir.1987); McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir.1985). Denial of counsel under this statute will not be overturned " 'unless it would result in fundamental unfairness impinging on due process rights.' " Long v. Shillinger, 927 F.2d 525, 527 (10th Cir.1991)(quoting Maclin v. Freake, 650 F.2d 885, 886 (7th Cir.1981)). We have stated that in deciding whether to appoint counsel, "the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Id. (citing Maclin, 650 F.2d at 887-89); see also McCarthy, 753 F.2d at 838-39 (discussing Maclin factors in detail).
 
 
 10
 The district court's order provides no discussion of these factors. However, this does not automatically equate to an abuse of discretion. We examine independently the propriety of granting Mr. Garcia's request. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir.1995).
 
 
 11
 That Mr. Garcia's claims had some merit is evident from the district court's decision in his favor. As discussed further in this order and judgment, however, he had little likelihood of prevailing on the issues which he lost, even with appointed counsel. The issues here do not turn on significant factual disputes or difficult questions of law. As Mr. Garcia concedes in his appellate brief, his grounds for relief are premised on clear-cut assertions of denial of due process, which he sufficiently presented in his complaint. Given these circumstances, the district court did not abuse its discretion in denying Mr. Garcia's request for appointment of counsel.
 
 III.
 
 12
 Mr. Garcia next contends that the district court erred in denying his motions to amend his complaint. The decision to grant or deny a motion to amend a complaint lies within the sound discretion of the district court. Long v. United States, 972 F.2d 1174, 1183 (10th Cir.1992). Leave of court to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).
 
 
 13
 Trial was held before the special master on February 18, 1994. On May 9, 1994, Mr. Garcia filed his first motion to amend his complaint. This motion sought to add factual allegations of bias at Mr. Garcia's disciplinary hearing, claims of racial discrimination, and a request for monetary compensation from the defendants. On July 5, 1994, Mr. Garcia filed his second motion to amend, requesting that his complaint be amended to reflect suit against the defendants in both their official and individual capacities.
 
 
 14
 The special master stated that he had broadly construed Mr. Garcia's complaint as alleging suit against the defendants in both their individual and official capacities. Thus, Mr. Garcia's proposed amendment, which sought to assert his claims against the defendants in their individual capacities, was implicitly granted.
 
 
 15
 The district court did not err in denying Mr. Garcia's other requested amendments. He fails to show that additional allegations of bias would have added anything to his complaint or changed the result he obtained, which was favorable to him. His initial complaint already included a claim for damages, which was considered and rejected by the district court. His claims of racial discrimination, as we read them, either relate to the same incident and conduct for which he was granted relief, or would have expanded his suit far beyond its initial scope. In either case, the district court acted within its discretion in denying leave to amend.
 
 
 16
 Mr. Garcia filed a further motion to amend on August 23, 1994, again requesting leave to add an allegation that he was denied due process as the result of racial discrimination, and requesting leave to add additional defendants to his complaint. The district court denied this motion, reasoning that an amendment of the original complaint almost one year after filing would be unjust. The district court did not abuse its discretion by denying leave to amend at such a late date.
 
 IV.
 
 17
 Mr. Garcia next contends that the district court erred in dismissing defendant Robert Furlong for lack of personal participation. In his complaint, Mr. Garcia alleged that defendant Furlong was liable as supervisor of the other individual defendants. The district court, citing Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986), correctly found that Mr. Furlong's supervisory responsibilities, without more, were insufficient to make him liable under section 1983.
 
 
 18
 Mr. Garcia now argues, citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir.1986), that the materials presented on summary judgment show another reason for holding Mr. Furlong liable under 1983. Mr. Garcia contends that Mr. Furlong was personally involved in the violation of his civil rights. He points us to documents in the record which show that Mr. Furlong administratively affirmed the discipline imposed upon him. Specifically, the record reveals that Mr. Furlong signed an order affirming the order placing Mr. Garcia in administrative segregation, signed an order affirming the disposition of charges, and signed the memorandum to Mr. Garcia, which notified him that his visiting privileges were being suspended.
 
 
 19
 Even were we to follow Williams, Mr. Garcia makes no showing, based upon the theory advanced in that case, that Mr. Furlong, "after learning of the violation through a report or appeal ... failed to remedy the wrong." Id. at 323. That Mr. Furlong signed the administrative order affirming the discipline imposed does not establish that he knew of the alleged civil rights violation. Mr. Garcia submitted no materials in response to Mr. Furlong's motion for summary judgment which would establish that Mr. Furlong learned of a violation of his civil rights and failed to remedy that violation.
 
 
 20
 We conclude, based on a de novo review of the summary judgment materials, see Ingels v. Thiokol Corp., 42 F.3d 616, 620 (10th Cir.1994), that no showing was made that Mr. Furlong was "personally involved" and subject to liability. For this reason, we affirm the district court's dismissal of Mr. Furlong.
 
 V.
 
 21
 Finally, Mr. Garcia asserts that the district court erred in dismissing his claim for damages against the individual defendants. The district court's stated reason for dismissing this claim was that these defendants were sued only in their official capacities. However, the district court had construed the complaint to state a cause of action against the defendants in both their individual and official capacities. The complaint was therefore amended to include a damage claim against the defendants in their individual capacities.
 
 
 22
 The Eleventh Amendment barred Mr. Garcia's claim for damages against the individual defendants acting in their official capacities. It did not bar such a claim against them in their individual capacities.
 
 
 23
 Defendants argue alternatively, however, that Mr. Garcia was not entitled to damages. The district court's order does state that "Magistrate Judge Abram concluded that money damages were not warranted in this case and this Court agrees." R. Vol. 1 at tab 41. Although it could have been more explicit on this point, we view this statement as indicating the district court intended, regardless of its disposition of the Eleventh Amendment issue, to award zero damages on Mr. Garcia's damage claim.
 
 
 24
 The district court's award of damages is subject to a clearly erroneous standard. Doelle v. Mountain States Tel. & Tel., 872 F.2d 942, 948 (10th Cir.1989). We cannot say, on this record, that the district court's award of zero damages would have been clearly erroneous. Mr. Garcia did receive declaratory and injunctive relief, equivalent to nominal damages, which served to vindicate his rights. See Ganey v. Edwards, 759 F.2d 337, 339 (4th Cir.1985). We therefore affirm the district court's award of zero damages against the defendants acting in their individual capacities. VI.
 
 
 25
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3