924 F.2d 1059
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James J. SCHOCK, Plaintiff-Appellant,
v.
Robert G. REDMAN, Warden, Thayer, Officer, Defendants-Appellees.
 Nos. 90-1462, 90-1464.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1991.
 
 Before KEITH and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 James J. Schock appeals his $1.00 nominal damage award following his successful 42 U.S.C. Sec. 1983 action. For the following reasons, we affirm the district court's March 28, 1990 order.
 
 I.
 
 2
 Plaintiff-appellant James J. Schock, an inmate at the Lakeland Correctional Facility in Coldwater, Michigan, is a member of the American Gnostic Church ("Gnostic Church"). After a Lakeland correctional officer confiscated two purportedly religious books (Magick by Aliester Crowley; The Golden Dawn by Israel Regardie) from the appellant during "a shakedown of plaintiff's living area," Appellant's Statement of Claim at Attachment 2, Schock initiated this 42 U.S.C. Sec. 1983 action against the defendants-appellees, Warden Redman and Officer Thayer.
 
 
 3
 After reviewing Schock's summary judgment motion and the magistrate's report and recommendation, the district court judge held (in accordance with the magistrate's recommendation) that the appellees had violated Schock's first amendment rights by barring the appellant's access to Gnostic Church literature:
 
 
 4
 Defendants allege that plaintiff was not denied the free exercise of his religion in violation of the First Amendment because the Department of Corrections is authorized to restrict the receipt of literature which is deemed a threat to the security of the facility. The Court does not argue with that statement. However, in this case, defendant did not provide the Court with any evidence that plaintiff's religion and religious materials were a threat to the safety of the institution. In light of the absence of such proof, the Court is constrained to approve the Magistrate's recommendation and grant summary judgment to plaintiff as to all past restrictions on plaintiff's exercise of his religion.
 
 
 5
 District Court's August 21, 1989 Opinion of the Court Approving Magistrate's Report and Recommendation at 3-4.
 
 
 6
 Subsequently, on January 16, 1990, the district court judge amended his earlier opinion, pursuant to Fed.R.Civ.P. 60(a), "to add paragraphs regarding remedies granted plaintiff." District Court's January 16, 1990 Memorandum Opinion and Order of the Court. Accordingly, the following paragraphs were added to the district court's August 21, 1989 opinion:
 
 
 7
 IT IS FURTHER ORDERED that, prior to further restriction on materials from the American Gnostic Church, defendants comply with all necessary procedural steps to determine whether the material is a threat to the safety of the institution;
 
 
 8
 IT IS FURTHER ORDERED that no further relief is awarded to plaintiff.
 
 
 9
 District Court's January 16, 1990 Memorandum Opinion and Order of the Court.
 
 
 10
 Thereafter, on March 28, 1990, the district court issued its third opinion and order in this action in response to Schock's motion to amend the court's previous orders:
 
 
 11
 With regard to damages for mental anguish and violation of plaintiff's constitutional rights, the Court has carefully reviewed the file and plaintiff's motion. The Court finds that the damages referred to by plaintiff are not compensable monetarily but have been fairly addressed by the order to defendants to follow all applicable procedures prior to restricting plaintiff's practice of his religion. Plaintiff has not proven any actual damages other than speculation that he would be severely punished for practicing his religion. When a plaintiff fails to show actual damages, an award of nominal damages is proper. See, e.g., Aubin v. Fudala, 782 F.2d 280, 286 (1st Cir.1983). Therefore, the Court awards plaintiff nominal damages for the violation of his constitutional rights in the amount of $1.
 
 
 12
 District Court's March 28, 1990 Memorandum Opinion and Order of the Court at 1-2.
 
 
 13
 Maintaining that he is entitled to compensatory and punitive damages, Schock thereafter filed a timely notice of appeal.
 
 II.
 
 14
 Although general damages are presumed to occur when first amendment rights are violated, Walje v. City of Winchester, Ky., 773 F.2d 729, 731-32 (6th Cir.1985), Schock "may not recover any damages for the inherent value of his first amendment rights violated." Parrish v. Johnson, 800 F.2d 600, 607 (6th Cir.1986). See also Memphis Community School Dist. v. Stachura, 477 U.S. 299, 308 (1986) ("[T]he abstract value of a constitutional right may not form the basis for Sec. 1983 damages.") Simply stated, "nominal damages, and not damages based on some undefinable 'value' of infringed rights, are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury." Id. at n. 11. Accordingly:
 
 
 15
 Common-law courts traditionally have vindicated deprivations of certain "absolute" rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.
 
 
 16
 Carey v. Piphus, 435 U.S. 247, 266 (1978) (footnote omitted).
 
 
 17
 Though Schock argues that he is "entitled to recover for the emotional distress suffered in being subjected to the harassment he has endured over the years in his fight to have his religion accepted and allowed within the prison setting," Appellant's Brief at 6, Schock's unsubstantiated and unproven assertions fail to support his claim for compensatory and punitive damages. See Franklin v. Aycock, 795 F.2d 1253, 1264 (6th Cir.1986) ("If Franklin is able to show actual, uncompensated injury, he will be entitled to compensatory damages; if not, the court should deny compensatory damages."); Lancaster v. Rodriguez, 701 F.2d 864, 865-66 (10th Cir.), cert. denied, 462 U.S. 1136 (1983) ("[U]pon a proper showing, actual damages, if present, can be established in any constitutional violation case, and can be recovered. It is equally apparent that if a violation was established, but no showing of damages was made, the recovery is limited to nominal damages.").
 
 
 18
 Because the district court judge correctly concluded that Schock "has not proven any actual damages other than speculation that he would be severely punished for practicing his religion," District Court's March 28, 1990 Memorandum Opinion and Order of the Court at 2, the district court properly denied Schock's compensatory damage claim. Moreover, because the appellant's punitive damage claim is wholly unsupported and without merit, the district court properly rejected Schock's punitive damage claim.
 
 III.
 
 19
 For the aforementioned reasons, we AFFIRM the district court's March 28, 1990 order.